**UNITED STATES of America,
Plaintiff,**

v.

**Karl SKINNER and Venus W.
Skinner, Defendants.**

**No. 1828.**

United States District Court
D. Idaho, E. D.

Jan. 9, 1956.

Sherman F. Furey, Jr., U. S. Dist. Atty., John T. Hawley, Asst. U. S. Dist. Atty., Marion J. Callister, Asst. U. S. Atty., Boise, Idaho, for plaintiff.

O. R. Baum, Ruby Y. Brown, Pocatello, Idaho, for defendants.

CLARK, Chief Judge.

This is an action brought by the United States against the defendants, husband and wife of Preston, Idaho, on a note in the amount of $1,074.90, dated November 9, 1951, executed by the defendants in favor of Averitt and Jacob Company, Salt Lake City, Utah. The note was signed as consideration for the purchase of materials for use on the defendants' home. November 9, 1951, the note was purchased by Continental Bank and Trust Company, Salt Lake City, Utah. June 9, 1953, the note was assigned to the United States under the terms of the bank's insurance contract with the Government wherein the United States insured payment of loans made pursuant to the National Housing Act, 12 U.S.C.A. § 1701 et seq. No payments were made other than the down payment of $110.50.

The Government has moved for summary judgment based upon the pleadings on file herein. Briefs have been filed and the Court has heard oral argument.

Defendants contend that Continental Bank and Trust Company, at the time it assigned the note, was not a holder in due course, and therefore was subject to any defenses the defendants might have had against the original payee. This is based on defendants' claim that the materials furnished by Averitt and Jacob Company were so defective that they could not be used for the purpose for which they were purchased. The defendants also claim that the fact that the completion certificate provided for by the Act was signed only by the wife, and that since under the community property laws of Idaho, the husband is the manager of the community, which was involved here, the completion certificate was improperly signed, that the bank necessarily had notice of a defect at the time it took the note with its ac-companying papers and therefore was not a holder in due course.

It appears from the pleadings and papers on file herein that the bank had no knowledge of any alleged defects in the materials furnished until after it took the note, which would have no effect on its status of a holder in due course, inasmuch as whether or not the bank was a holder in due course must be determined as of the time it took the note. The note was a negotiable instrument under Idaho law. Idaho Code, § 27–101. Section 27–402, Idaho Code defines a holder in due course as one who takes the instrument under the condition that the instrument is complete and regular on its face; that he became the holder of it before it was overdue and without notice that it had been previously dishonored; he took it for value and in good faith, and that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

The affidavit of one H. J. Gustafson, an officer of the said bank, which is undisputed in the record, shows that all of the above conditions were met at the time the note was negotiated to it, making it the holder in due course.

This Court does not feel that the completion certificate signed by the wife affects the note here in question. To make the negotiability of a note dependent upon whether the completion certificate were properly signed would add something to the Negotiable Instruments Law which is not contemplated. Further, this Court feels that the signing of a completion certificate amounts only to an acknowledgment or a receipt, and certainly the wife has the right to so receipt, even though the husband has the management of the community. The regulations provide that only one signature on the completion certificate is necessary and the wife's signature fulfills that requirement.

In order to defeat the right of a purchaser of a note to recover it is necessary to either show actual knowledge

of the defect or notice of such facts and circumstances as would charge him with actual bad faith in taking the paper without investigating the circumstances. Winter v. Nobs, 19 Idaho 18, 112 P. 525. The facts show that the Continental Bank had no actual knowledge of a defect of the note and that the bank acted in good faith in accepting the note. Further, this court finds no such defect in the completion certificate as to put the bank on notice in that respect.

 The United States, having derived its title through Continental Bank and Trust Company, a holder in due course, has all of the rights of the former holder and is subject only to the defenses the maker would have against the Continental Bank and Trust Company. United States v. Perpignano, D.C., 86 F.Supp. 105. Also, United States v. Novsam Realty Corp., 2 Cir., 125 F.2d 456.

For these reasons it appears to the Court that the Motion for Summary Judgment should be granted. Counsel for Plaintiff may prepare and submit Judgment.