**UNITED STATES of America, Plaintiff,**

v.

**Raymond E. SCHUMACHER and Mrs. Elizabeth Schumacher, Defendants,**

and

**Allied Building Credits, Inc., a foreign corporation, and Harry Stroiman d/b/a General Builders Co., Third Party Defendants.**

No. 57-C-38.

United States District Court
E. D. Wisconsin.

Aug. 29, 1957.

Edward G. Minor, U. S. Atty., and Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Ken Traeger, Gresham, for defendants. Ebert, Kuswa & Ebert, Milwaukee, Wis., for Allied Building Credits, Inc., third party defendant.

GRUBB, District Judge.

Action brought on an installment note purchased by the plaintiff under the provisions of the Federal Housing Administration. The defendants claim various false and fraudulent misrepresentations and that the note and papers concerning the transaction are void under the rules of State Department of Agriculture, Ag-110 *Roofing and Siding*, Ag-110.01 *Cease and Desist*, and Ag-110.02 *Contract Requirements*, which rules were promulgated pursuant to the authority in section 100.20, Wis.Stats.

On April 18, 1953 the third party defendant, Harry Stroiman d/b/a General Builders Co., through one W. H. Pessin, sold to the defendants siding under contract, Exhibit 3. On April 25, 1953, defendants executed a Completion Certificate, Exhibit 2, and the installment note in question, Exhibit 4. Third party defendant, Stroiman, furnished defendants with a written warranty of the Vitraside Industries, Inc., Exhibit 8.

Plaintiff claims that it was the holder in due course of the note and that it purchased the note from Allied Building Credits, Inc., third party defendant, and that said third party defendant was a holder in due course. Defendants seek recovery from third party defendants for damages for alleged fraud and misrepresentation and alleged violation of the rules of the State Department of Agriculture, also damages for alleged breach of warranty.

The burden of establishing these alleged defenses is on the defendants. The court finds the facts to be as follows: The note in question was endorsed to third party defendant, Allied Building Credits, Inc. "without recourse" by Stroiman. The date of this negotiation or sale of the note and the date of Stroiman's endorsement are not shown by the evidence. On May 10, 1955 Allied Building Credits, Inc. endorsed the note to the plaintiff "without warranty, except that the note qualified for insurance". It appears from the stipulations in the pretrial order that on May 10, 1955 the plaintiff gave value for the note, that there has been paid against the note the sum of $788.68, that none of the alleged misrepresentations made to the defendants in connection with obtaining their signatures to the note were known to the plaintiff. At the time plaintiff acquired the note, there were several overdue and unpaid installments.

Defendants claim, among other things, that this siding was guaranteed for life by Stroiman; that, in fact, the siding was defective. The court finds that the siding was defective. With reference to the warranty, the evidence, Exhibit 8, shows that the siding was, in fact, warranted by Vitraside Industries, Inc. The court finds that third party defendant, Stroiman, made no personal warranty of the siding and that none was made by Allied Building Credits, Inc. The court also finds that the warranty which was given was by a separate document and was not contained in the contract, Exhibit 3. The contract, Ex-

hibit 3, contains in bold face type this statement: "The Contractor Will Not Be Responsible for Any Statements, Promises or Any Representations Whatsoever, Not Contained In This Contract."

Defendants were given a card, Exhibit 7, in which it is stated that Stroiman (General Builders Co.) would pay $50 for information as to the identity of prospective purchasers of the siding who actually purchased the siding, the $50 payment to be made when the siding was installed.

With reference to the date on which the note was negotiated, testimony of defendant Schumacher indicates that he was advised that Allied Building Credits, Inc. was going to finance the transaction; that General Builders Co. (Stroiman) didn't have the money to finance it, and that defendants would make payments direct to Allied Building Credits, Inc. This was notice to defendants that the note would be negotiated but it does not establish the date of the negotiation of the note to Allied Building Credits, Inc. Section 116.50, Wis.Stats., provides:

"Prima facie evidence of negotiation. Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed prima facie to have been effected before the instrument was overdue."

Section 116.57 of the statutes defines a holder in due course as a holder who has taken the instrument under the following conditions:

"(1) That it is complete and regular upon its face;

"(2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"(3) That he took it in good faith and for value.

"(4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument,

or defect in the title of the person negotiating it.

"(5) That he took it in the usual course of business."

Section 116.60, Wis.Stats., provides:

"The title of a person who negotiates an instrument is defective within the meaning of chapters 116 to 118 when he obtains the instrument, or any signature thereto, by fraud, duress, or force or fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud and the title of such person is absolutely void when such instrument or signature was so procured from a person who did not know the nature of the instrument and could not have obtained such knowledge by the use of ordinary care."

Section 116.64, Wis.Stats., provides:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

Section 100.20, Wis.Stats., gives to the Department of Agriculture power to issue general orders forbidding certain trade practices, and section 100.21, Wis. Stats., provides as follows:

"Any person, corporation, partnership or business suffering pecuniary loss because of a violation by any other person of any order issued under section 100.20 may sue such person, corporation, partnership or business for damages therefor in any court of competent jurisdiction and shall recover twice the amount of such pecuniary loss, to-

gether with costs, including a reasonable attorney's fee."

Exhibit 6, the State Department of Agriculture Rules, was issued pursuant to statutory authority and in effect at the times in question. The court finds that the defendants have not met the burden of establishing any violation of Ag-110.01 (Exhibit 6).

The court finds that defendants have not met the burden of establishing any fraudulent misrepresentations on the part of third party defendants or either of them.

Ag-110.03 (Exhibit 6) requires that all contracts involving the sale of siding at retail shall be in writing and shall "clearly and completely specify and set forth any and all provisions, guarantees, warranties, representations or statements made by the seller, salesman or representative, and the same shall constitute the entire agreement between them, * * *" It also provides in subparagraph (5) that a true and accurate copy of all contracts and documents shall be left with the customer. The court finds that there being no evidence in the record to the effect that subparagraph (5) was violated, defendants have not met their burden of establishing such violation.

While the warranty was, in fact, a warranty by the manufacturer, not by the third party defendant Stroiman, the court finds that it was, in fact, a part of the agreement between the buyer and seller. The court also finds that the agreement with reference to the payment of $50 for each sale of the siding made in the vicinity was actually a part of the agreement between the buyer and seller although it was not set forth in the contract. Therefore, the court finds that as between Stroiman and the defendants the contract in question was void as violating Ag-110.02. Perma-Stone Corp. v. Merkel, 255 Wis. 565, 39 N.W.2d 730.

With reference to section 116.60 of the statutes, the court finds that the defendants knew, or in the exercise of ordinary care could have obtained such knowledge that they, in fact, were signing the note in question and that, therefore, they should have known the nature of the instrument.

Section 116.50 creates a prima facie presumption that where the date is not shown, the negotiation is deemed to have been effected before the instrument is overdue. Under section 116.64, when it is shown that the title of a person who has negotiated the instrument is defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. Section 116.50 does not relieve the holder of a note taken from a person whose title is defective from the burden of affirmatively establishing that the note was endorsed before it was due. Jones v. Brandt, 173 Wis. 539, 181 N.W. 813. The note being void and defective and illegal as between the defendants and the person who first negotiated the instrument, namely, Stroiman, because of illegality in violation of the State Department of Agriculture Rules (Exhibit 6), the court finds that the burden is on the plaintiff to show that either the plaintiff or Allied Building Credits, Inc. acquired the title as a holder in due course. This requires applying the tests set forth in section 116.57 to determine whether the plaintiff has shown that either plaintiff or Allied Building Credits, Inc. has met the burden of establishing that one or the other was the holder in due course.

Referring to the five requirements in section 116.57 and bearing in mind that the burden was on the plaintiff to show compliance with these requirements, the court finds as follows:

1. The first requirement has been met, the note is complete and regular upon its face.

2. The evidence is silent as to whether Allied Building Credits, Inc. acquired the note before any installment was overdue. The plaintiff acquired the note after installments were overdue. There is a conflict in authorities as to whether an installment note on which

some installments are in default is overdue merely because some installments are in default. In Wisconsin it has been held that a note is not dishonored or overdue merely because of an overdue installment. There is dicta on the question as to the rule where there is an acceleration clause, at the option of the holder, in the note. Hodge v. Wallace, 129 Wis. 84, 108 N.W. 212. The note in question contained an acceleration clause. There is a conflict of authorities elsewhere as to this problem. It is unnecessary to determine what the Wisconsin courts would hold if that problem were squarely presented because of the other findings herein made showing that plaintiff has not met the burden of proving that it or Allied Building Credits, Inc. was the holder in due course under the requirements set forth in section 116.57.

3. The stipulation in the pretrial order shows that the plaintiff acquired the note for value. There is no evidence that Allied Building Credits, Inc. acquired it for value or in good faith.

4. There is no evidence to meet the burden of the plaintiff of proving that at the time that Allied Building Credits, Inc. took the note, it had no notice of any infirmity or defect in the title of Stroiman. The stipulation in the pretrial order provides that the plaintiff had no notice of the alleged misrepresentation made to defendants in connection with obtaining their signatures to the note. Plaintiff has not met the burden of proving that it had no notice of the illegality of the note because of the violation of Ag-110.02.

5. The burden of showing that Allied Building Credits, Inc. took the note in the usual course of business has not been met. Because of the provisions of the F.H.A. Act, the court finds that the plaintiff took the note from Allied Building Credits, Inc. in the usual course of business.

■ Because of the failure of the plaintiff to meet the burden set forth in section 116.64 of proving all five of the requirements of section 116.57, the court finds for the defendants that neither plaintiff nor Allied Building Credits, Inc. was a holder in due course, and that, therefore, plaintiff cannot enforce the note because of the illegality under Rule Ag-110.02 and the provisions of section 100.20.

■ With reference to the third party complaint against Allied Building Credits, Inc. and Stroiman, under section 100.21, Stroiman having violated Rule Ag-110.02, he is liable to the defendants for twice the amount of their pecuniary loss, including reasonable attorney fees and costs. There is no evidence that Allied Building Credits, Inc. violated Ag-110.02 or was guilty of any illegal transaction. The third party complaint against Allied Building Credits, Inc. will be dismissed.

■ The defendants have offered no evidence from which the court could make a finding of any pecuniary loss they suffered because of Stroiman's violation of Ag-110.02. The evidence does show that Stroiman gave defendants $200 in cash and that thereafter defendants paid $788.68 against the note (stipulation in pretrial order, par. 2). The record does show that the siding was defective and that the defendants have a warranty from Vitraside Industries, Inc. (Exhibit 8). There is no showing as to whether the building is more or less valuable with the defective siding on than it was before. There is no showing as to what, if any, loss defendants will sustain in repairing the building, or that it needs repair. For the reason that defendants have not offered any evidence from which the court can make a finding as to any pecuniary loss because of Stroiman's violation of Ag-110.02, the third party complaint must also be dismissed as against the third party defendant Stroiman.

The court is of the opinion that its findings of fact and conclusions of law appear in this decision and that, therefore, under Rule 52(a) Fed.Rules Civ. Proc., 28 U.S.C.A. no further findings of fact and conclusions of law are necessary.

It is ordered that judgment be entered in favor of the defendants and against the plaintiff, dismissing plaintiff's complaint, and in favor of the third party defendants and against the defendants dismissing the third party complaint. Counsel for the defendants is to prepare the judgment in accord herewith, submitting it for approval, as to form only, to counsel for the plaintiff and counsel for the third party defendant, Allied Building Credits, Inc.