**Robert J. FIRTH, Defendant-Appellant,**

v.

**FARMERS–CITIZENS BANK,
Plaintiff-Appellee.**

**No. 1–783A214.**

Court of Appeals of Indiana,
First District.

Feb. 28, 1984.

Charles A. Sweeney, Jr., Sweeney, Butler & Simeri, South Bend, for defendant-appellant.

James D. Allen, Allen & Newkirk, Salem, for plaintiff-appellee.

ROBERTSON, Judge.

Robert J. Firth, defendant-appellant, appeals a judgment in favor of Farmers Citizens Bank, plaintiff-appellee, on its complaint seeking payment of a check plus interest, costs, and attorneys' fees. Firth wrote a check to the Bank as payment for a third party's debt. Firth argues that the Bank was not a "holder in due course", that he was not liable because of misrepresentation, and that there was a lack of consideration.

Judgment affirmed.

We first note that Firth has come close to waiving any alleged errors for failure to make a coherent argument supported by authority. Ind.Rules of Procedure, A.R. 8.3(A)(7). The argument is not much more than bald assertions of error.

In May, 1980, a real estate agency located in Salem, Indiana, listed a parcel of land for sale. Firth purchased this property in September, 1980, and dealt with Dale Simler and Frank Riedle. Simler represented the real estate agency in Salem and Riedle represented the selling broker who was located in South Bend. Firth, Riedle's son-in-law, was also from South Bend.

In November, 1980, Riedle sought a loan of $1500.00 from the Bank. Simler facilitated the loan by acting as guarantor. According to Firth, Simler and Riedle had agreed that the note would be repaid out of Riedle's realty commission on the sale of the property which Firth was purchasing.

On December 12, 1980, Firth went to Salem for the closing on his property. He was told by Simler's employee that Riedle was entitled to a commission on the sale. Firth wrote a check in the amount of $1510.35 as payment on Riedle's note. The check was payable to the Bank and was drawn on Firth's bank in South Bend. Firth gave Simler's employee this check; she immediately took it to the Bank and in turn, the Bank gave her Riedle's note which Firth ultimately held.

Later that day, Firth was told Riedle was not entitled to a commission. Upon returning to South Bend, Firth stopped payment on his check and this litigation followed with a judgment in the Bank's favor for the amount of the check, costs, interest, and attorneys' fees. *See,* IND.CODE 28-2-8-1.

This case was tried by the court and it is axiomatic that we may not reverse the trial court's judgment unless it is clearly erroneous. Ind.Rules of Procedure, Trial Rule 52(A).

It is difficult to follow Firth's argument, but it appears he is arguing the Bank was not a holder in due course because it failed to give consideration for his check. Under the Uniform Commercial Code, this is actually an argument that the Bank failed to take his check for value.

IND.CODE 26-1-3-302 defines a "holder in due course":

26-1-3-302 Holder in due course.—
(1) A holder in due course is a holder who takes the instrument
(a) for value; and
(b) in good faith; and
(c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.
(2) A payee may be a holder in due course
(3) A holder does not become a holder in due course of an instrument
(a) by purchase of it at judicial sale or by taking it under legal process; or
(b) by acquiring it in taking over an estate; or
(c) by purchasing it as a part of a bulk transaction not in regular course of business of the transferor.
(4) A purchaser of a limited interest can be a holder in due course only to the extent of the interest purchased.[1]

■ Firth gave his check to satisfy Riedle's antecedent debt. Pursuant to IND. CODE 26-1-3-303(b), this was sufficient to satisfy section 302(1)(a). I.C. 26-1-3-303 states:

Taking for value—A holder takes the instrument for value

.    .    .    .    .

(b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due.

In *St. Paul Fire & Marine Ins. Co. v. State, Etc.,* (1980) Ind.App., 412 N.E.2d 103, this court addressed the issue of "value" in relation to the status of a holder in due course and concluded that the bank in *St. Paul* had given "value" when it credited a check as payment for antecedent debts which the payee owed it and surrendered the notes to him. This decision was based on I.C. 26-1-3-303.

Likewise in the case at bar, the Bank accepted Firth's check as payment for an "antecedent claim", Riedle's debt, and the Bank surrendered Riedle's note. The only factual distinction between *St. Paul* and this case is that Firth paid a third party's debt instead of his own obligation. However, section 303(b) refers to "an antecedent claim against *any person*" [emphasis added] and therefore, we conclude the Bank took Firth's check for value.

Firth also argues the Bank took an overdue instrument and therefore, argues the Bank could not qualify as a holder in due course pursuant to section 302(1)(c). Firth's argument is backwards in relation to the facts because it is predicated on the due date of Riedle's note, which was due four days prior to the Bank's receipt of Firth's check. Clearly Riedle's note is not at issue because the Bank took Firth's check and the Bank stands as a holder in due course in relation to it.

■ Firth repeatedly argues that he received no consideration for his check and that he wrote the check because of misrep-

---

**1.** IND.CODE 26-1-1-201(20) defines holder: "Holder" means a person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank.

resentations made by Simler's employee. In part, Firth's reliance on these defenses is based upon the premise that the Bank was not a holder in due course. We have resolved the issue to Firth's detriment and IND.CODE 26-1-3-305 states:

Rights of a holder in due course.—To the extent that a holder is a holder in due course he takes the instrument *free from* (1) all claims to it on the part of any person; and

(2) *all defenses of any party to the instrument with whom the holder has not dealt except*

(a) infancy as defined in I.C.1971, 34-1-67-1, to the extent that it is a defense to a simple contract; and

(b) such other incapacity, or duress, or illegality of the transaction, as renders the obligation of the party a nullity; and

(c) *such misrepresentation as has induced the party to sign the instrument with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms;* and

(d) discharge in insolvency proceedings; and

(e) any other discharge of which the holder has notice when he takes the instrument.

(Emphasis added).

Therefore, Firth cannot assert lack of consideration as a defense. *Illinois Valley Acceptance Corp. v. Woodard*, (1973) 159 Ind.App. 50, 304 N.E.2d 859.[2]

■ Misrepresentation can only be asserted against a holder in due course if the party signing the negotiable instrument was misled about the instrument's contents. If a misrepresentation was made to Firth, it was made by a third party, Simler's employee, and it was not made about the nature of the instrument; therefore, Firth's argument fails. I.C. 26-1-3-305(2)(c). *American Plan Corp. v. Woods*, (1968) 16 Ohio App.2d 1, 240 N.E.2d 886; *Cheltenham Nat. Bank v. Snelling*, (1974) 230 Pa.Super. 498, 326 A.2d 557.

Judgment affirmed.

NEAL, P.J., and RATLIFF, J., concur.

2. Under subsection 305(2), a holder in due course is subject to personal defenses of a party with whom it has dealt. *e.g. K-Ross Bldg. Sup. Ctr. v. Winnipesaukee Chalets*, (1981) 121 N.H. 575, 432 A.2d 8. The question of whether Firth dealt with the Bank has not been raised. However, as the term is used in subsection 305(2), the Bank had not "dealt" with Firth. *Chicago Title & Trust Co. v. Walsh*, (1975) 34 Ill.App.3d 458, 340 N.E.2d 106. *Cf. Standard Finance Co., Ltd. v. Ellis*, (1983) Haw.App., 657 P.2d 1056.