Michael J. KANE, Jr., Plaintiff-Appellant,

v.

Grace KROLL, Defendant-Respondent.

Court of Appeals

*No. 95–0295. Submitted on briefs July 19, 1995.—Decided August 15, 1995.*

(Also reported in 538 N.W.2d 605.)

389

390

391

For the plaintiff-appellant the cause was submitted on the brief of *Steven L. Miller* of *Miller & Miller* of Green Bay.

For the defendant-respondent the cause was submitted on the brief of *Lawrence G. Vesely* of *Olson, Kulkoski, Galloway & Vesely, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Michael Kane, Jr., appeals a judgment dismissing his complaint against Grace Kroll, the drawer of a check written to Kane in satisfaction of her son, Gerald Kroll, Jr.'s, debt to Kane. Kane contends that the trial court erred by concluding that he was not a holder in due course and therefore not entitled to prevail against Grace's asserted defense that her son failed to repay her as promised. Because we conclude that Kane was a holder in due course, we reverse the judgment and remand to the trial court with directions to enter judgment in Kane's favor.

The facts are undisputed. Gerald was indebted to Kane as a result of a pre-existing debt incurred when Gerald purchased some cows. Gerald arranged with his mother, Grace, to satisfy this obligation with the promise that he would repay her with the proceeds from a load of hay he expected to sell in the immediate future. In accordance with that agreement, Grace issued a personal check for $6,100 to Kane in satisfaction of Gerald's debt. The next day, Gerald informed Grace that he would be unable to repay her because the party who had planned to buy the load of hay had cancelled the order. Grace immediately stopped payment of the check. When Kane subsequently presented the check, the bank refused to pay because of the stop payment order.

Kane filed suit against Grace to recover the amount of the check. After Kane's motion for summary judgment was denied, the parties agreed that a formal trial was not required and agreed to allow the court to decide the matter based on its examination of the parties' pleadings, affidavits and briefs. The parties stipulated that the facts recited in Kane's, Grace's and Gerald's affidavits were the facts upon which the court should decide the case.

In documents filed with the trial court, Grace argued that she had no legal obligation to repay Gerald's debt and that this was a defense she could assert against Kane because he was not a holder in due course. Conversely, Kane asserted that because he was a holder in due course under § 403.302(1), STATS., he was not subject to Grace's defense of failure of consideration.

The trial court held that Kane was not a holder in due course because he failed to prove he took the check in good faith and without notice of Grace's defense to the check. The trial court dismissed Kane's claim, noting that one who is not a holder in due course takes the instrument subject to all valid claims and defenses of any party.

■

Whether Kane is a holder in due course is an issue involving application of § 403.302, STATS., to undisputed facts. This presents a question of law that this court reviews independently of the trial court's conclusions. *State v. Williams*, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601, 604-05 (1981).

A holder must meet three requirements to be a holder in due course under § 403.302, STATS. The holder must take the instrument (1) for value; (2) in good faith; and (3) without notice that it is overdue or has

393

been dishonored or of any defense against or claim to it on the part of any person. Section 403.302(1). We examine each of these elements in turn.

First, a holder must take the instrument for value. Section 403.302(1)(a), STATS. Under § 403.303(2), STATS., a holder takes for value when he takes an instrument in payment for an antecedent claim against *any person*. *See* 5A RONALD A. ANDERSON, ANDERSON ON THE UNIFORM COMMERCIAL CODE, § 3-303:18, at 681 (3d ed. 1994) (citing *Firth v. Farmers-Citizens Bank*, 460 N.E.2d 191, 192 (Ind. Ct. App. 1984) (bank was valid holder where it accepted instrument as payment for debt of third party)). In this case, Kane took the instrument from Grace in payment of Gerald's debt and thereby satisfied the requirement of § 403.302(1)(a).

Second, a holder must take the instrument in good faith, defined in § 401.201(19), STATS., as "honesty in fact in the conduct or transaction concerned." Section 403.302(1)(b), STATS. The holder's initial burden on the issues of notice and good faith is a slight one. *See A.I. Trade Finance, Inc. v. Laminaciones de Lesaca, S.A.*, 41 F.3d 830, 836 (2nd Cir. 1994). As one commentator has noted:

> The burden of proof of the allegations in the Complaint rests upon the plaintiff. It is not necessary, however, that the plaintiff allege in the complaint that good faith was an integral part of the transaction at each stage. That is an affirmative defense which must be raised by the defendant, if at all.

Russell A. Eisenberg, *Good Faith Under The Uniform Commercial Code—A New Look At An Old Problem*, 54 MARQ. L. REV. 1, 14 (1971) (emphasis and footnote omit-

ted). In this case, Kane's affidavit supports his contention that he accepted the check in good faith for the payment of Gerald's antecedent debt. Moreover, none of the affidavits supplied by either party suggests evidence of bad faith on Kane's part. In the absence of such evidence, we conclude Kane took the check in good faith as a matter of law. *See Mortgage Assocs. v. Siverhus*, 63 Wis. 2d 650, 661, 218 N.W.2d 266, 272-73 (1974) (where there was no showing of a lack of good faith or bad faith, holder was holder in due course).

Finally, the last requirement to become a holder in due course is that the holder take the instrument without notice that it is overdue or has been dishonored or of any defense against it or claim to it on the part of any person. Section 403.302(1)(c), STATS. The knowledge of the defense for purposes of determining holder in due course status must exist at the time of issue. *See Bricks Unlimited, Inc. v. Agee*, 672 F.2d 1255, 1259 (5th Cir. 1982) (knowledge learned subsequent to the time of negotiation of an instrument does not impair holder in due course status); *United States v. Skinner*, 137 F.Supp. 234, 235 (D. Idaho 1956) (holder's status is determined as of the time it took the note); *Waterbury Savings Bank v. Jaroszewski*, 238 A.2d 446, 448 (Conn. Cir. Ct. 1967) (if holder was holder in due course at the time it took delivery of note, notice thereafter to it of defective performance would not change its legal position). Therefore, we must examine whether Kane had knowledge of any defense at the time he took the check.

Because the requirement that a holder show that it did not have knowledge of a defense or claim to the instrument involves proof of a negative fact, the burden of proof is a slight one. *See First Int'l Bank v. L. Blank-*

*stein & Son, Inc.*, 452 N.E.2d 1216, 1220 (N.Y. Ct. App. 1983). In this case, the facts in Kane's affidavit suggest no knowledge of any claims or defenses, so the burden shifts to Grace to produce evidence that Kane had such knowledge. Grace argues that Kane was on notice that she had no pre-existing obligation to pay her son's debt and that this constitutes knowledge of a defense. We disagree. Section 403.303(2), STATS., clearly allows a holder in due course to accept payment from one person for payment of the debt of another. Additionally, the fact that Grace, like any drawer, had the power to stop payment on the check does not constitute a defense that would prevent Kane from being a holder in due course. If it did, no holder would be a holder in due course because any drawer has the power to issue a stop payment order. Since Grace has not alleged that Kane had knowledge of any defense at the time he took the check, we hold that Kane met the requirement of § 403.302(1)(c), STATS.

Because Kane took for value, in good faith, without knowledge of claims or defenses to the check, we conclude he was a holder in due course. As a holder in due course, Kane is not subject to Grace's claimed failure of consideration. Section 403.408, STATS. Therefore, the fact that Gerald broke his promise to repay Grace the day after the check was issued does not affect Kane's status as a holder in due course.

Based upon the foregoing, we conclude that Kane was a holder in due course of the check and therefore not subject to Grace's asserted defenses. Thus, the trial court erred by granting judgment dismissing Kane's complaint. We reverse the judgment and remand to the trial court with directions to enter judgment in Kane's favor.

396

*By the Court.*—Judgment reversed and cause remanded with directions.