**Dennis SHESKEY, Li–Chuang
Sheskey, Debtors.**

No. 99–01697–D.

United States Bankruptcy Court,
N.D. Iowa.

April 2, 2001.

Brian W. Peters, Dubuque, IA, for debtors.

Theodore M. Therriault, Weinstein, Fischer, Riley, Erickson & Wolf, P.S., Seattle, WA, for creditors.

## ORDER RE TRUSTEE'S FINAL REPORT AND OBJECTION THERETO

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on March 8, 2001 on Trustee's Final Report and Objection thereto. Brian Peters represented Debtors Dennis and Li–Chuang Sheskey. Paul Fitzsimmons appeared as Chapter 7 Trustee. Creditors John and Twila Sheskey filed an objection to Trustee's Final Report and appeared pro se. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (O).

## STATEMENT OF THE CASE

Creditors John and Twila Sheskey (the "Sheskeys") assert rights under a $30,000 promissory note (the "Note") payable to their daughter, Angie Sheskey ("Angie"), from their son, Debtor Dennis Sheskey ("Debtor"). They claim Angie assigned her right to payment under the Note to them after they paid her $30,000 to purchase the Note. Trustee's final report disallows this portion of their claim.

## FINDINGS OF FACT

Mr. and Mrs. Sheskey filed a timely claim in this case on May 30, 2000 in the amount of $89,063. It is their position that this arises as a result of various loans made by them to Debtor and includes the Note they purchased from Angie. The face amounts shown on copies of promissory notes attached to the proof of claim total $71,000. At the time of hearing, the Sheskeys testified that the difference between the total claim of $89,063 and the face amount of $71,000 constitutes accrued interest. There is no showing of how the Sheskeys computed this interest and Trustee made no allowance for any interest in his Final Report.

In the Final Report, Trustee notes that the Sheskeys assert an unsecured claim in the amount of $89,063. He allows the sum of $41,000 to be paid pro rata with the other unsecured creditors. Trustee allowed the claim for this amount based on the face amounts of the promissory notes attached to the Sheskeys' Proof of Claim. He disallowed the remainder because he had questions about the Note which was

payable to Angie and about computation of interest.

Trustee introduced copies of the promissory notes into evidence as Exhibit No. 1. The Note in question is between Debtor Dennis J. Sheskey and his sister, Angie Sheskey, dated December 31, 1996, in the amount of $30,000. It does not originally involve John and Twila Sheskey, the parents of both Debtor and Angie. In December 1997, the Sheskeys wrote two checks to Angie totaling $30,000. *See* Attachments to Objection to Final Report, filed Feb. 5, 2001. On the memo line in the bottom left corner of the checks, the Sheskeys noted "Repayment of Loan." Twila Sheskey testified that she and her husband wrote these checks so that Angie could purchase a house. Dennis was not able to repay the loan at that time. Mrs. Sheskey stated that they agreed to purchase the note from their daughter, through an oral agreement, so that Angie had the money when she needed it.

The Sheskeys assert that Angie assigned her right to payment under the promissory note to them. Page 3 of Exhibit 1 constitutes the only writing relating to an assignment. Debtor testified that when he printed the original promissory note, he attached blank assignment language which is the typewritten portion of page 3 of the promissory note. Originally, this was left blank. Debtor testified that he had no reason to do this other than that the promissory note form came from a computer program and page 3 just printed out with the rest of the Note.

The assignment on page 3 of the Note was left blank from the time it was executed until after the Sheskeys paid off Angie in December 1997. Debtor testified that he is the one who filled in the blanks and hand-printed that the Note was assigned and transferred to John and Twila Sheskey. The assignment contains no signatures from any of the parties. There was no testimony presented from Angie Sheskey.

The parties did not produce the original of the Note and there was no testimony regarding who has possession of the Note. Based on the record presented, however, Debtor remained in possession of the Note at all relevant times. He produced the Note from his computer and filled in the hand-printed entries on page 3 after the assignment. There is no evidence in the record that either Angie or the Sheskeys ever had possession of the original Note.

The parties agree that, at all relevant times, they all lived in Wisconsin. The Note and all other agreements were made in Wisconsin. Therefore, it was generally agreed that Wisconsin law applies.

### CONCLUSIONS OF LAW

■ A proof of claim constitutes prima facie evidence of the validity and amount of the claim. *In re Brown,* 82 F.3d 801, 804 (8th Cir.1996). This presumption of validity places the burden of producing evidence to rebut the presumption on the party objecting to the claim. *Id.* If sufficient evidence rebuts the presumptive validity of the proof of claim, the respective parties have the same burden of proof they would have under non-bankruptcy law. *Raleigh v. Illinois Dep't of Rev.,* 530 U.S. 15, 26, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *In re Revelle,* 256 B.R. 905, 910 (Bankr.W.D.Mo.2001). Generally, the burden of proof when making a claim under a note rests on the claimant. *Kane v. Kroll,* 196 Wis.2d 389, 538 N.W.2d 605, 607 (1995); *United States v. Schumacher,* 154 F.Supp. 425, 429 (E.D.Wis.1957).

■ Once an objection is made, to the extent that a claim is unenforceable against a debtor and a debtor's property "under any agreement or applicable law",

such claim is not allowed. *In re Gridley,* 149 B.R. 128, 132 (Bankr.D.S.D.1992); 11 U.S.C. 502(b)(1). Thus, to the extent that applicable law provides the debtor a defense to a creditor's claim, absent bankruptcy, such defense is available to the trustee in objecting to the claim. *In re Nuisance Corp.,* 17 B.R. 80, 82 (Bankr. D.N.J.1981). A claim arising from loan transactions between close family members naturally justifies unusual care and scrutiny in examination as to its genuineness. *Gridley,* 149 B.R. at 133.

## TRANSFER OF PROMISSORY NOTE

The Court must determine whether the Sheskeys are entitled to enforce the portion of their claim which is based on Debtor's promissory note in favor of Angie, which remained in Debtor's possession and which Angie allegedly orally assigned to the Sheskeys. Trustee has rebutted the prima facie validity of the Sheskeys' claim by pointing out that there is no evidence that Debtor ever transferred possession of the Note to Angie or to the Sheskeys. Furthermore, none of the parties signed the purported assignment found on page 3 of the Note. Thus, the Sheskeys have the burden of persuasion to show that their claim based on the Note is enforceable by them against Debtor.

■ Under Wisconsin common law, an oral assignment of a debt is valid without a writing if an intent to transfer the debt and valuable consideration are shown. *Carpenter v. Forbes,* 211 Wis. 648, 247 N.W. 857, 859 (1933). Thus, the lack of a signature on the assignment on page 3 of the Note does not negate the purported assignment of the debt from Angie to the

Sheskeys. The Sheskeys testified that their agreement to purchase the Note from Angie was an oral agreement.[1] They offered evidence of the checks they wrote to Angie which included the notations that they constituted repayment of a loan. Debtor noted the transfer of the debt on page 3 of the Note. The Court concludes that this oral assignment is sufficiently proven. The record sufficiently proves the parties' intent to transfer the debt and valuable consideration.

■ The ultimate question is whether the Sheskeys, through the assignment from Angie, are entitled to enforce the debt against Debtor. The only evidence of the debt in the record is the Note. As a general rule, a note has no effect unless it is delivered. *In re Estate of Balkus,* 128 Wis.2d 246, 381 N.W.2d 593, 597 (1985); *Payleitner v. MacGillis,* 622 N.W.2d 770 (Table), 2000 WL 1810077, at *2 (Wis.Ct. App. Dec. 12, 2000) (unpublished decision). A promissory note is a negotiable instrument, possession of which must be voluntarily transferred to the payee in order to be effective. *Balkus,* 381 N.W.2d at 597; *see* Wis. Stat. § 403.104 (defining negotiable instrument), § 401.201(14) (defining delivery).

■ As assignees of the Note, the Sheskeys acquire no greater rights than Angie had to enforce the Note. *State v. Machon,* 331 N.W.2d 665, 667 (Wis.Ct.App. 1983). Under the law of negotiable instruments, only a holder or person in possession of the Note is entitled to enforce the Note. Wis. Stat. § 403.301. Because possession of the note was not transferred, the Sheskey's claim based on the Note is unenforceable. Such a conclusion is con-

---

1. The Sheskeys mailed a letter to the Bankruptcy Clerk dated March 17, 2001 and enclosed a "certificate" signed by Angie stating that, by oral agreement, the Sheskeys "assumed the loan" and paid her $30,000 in December, 1997. The Court will not consider this as part of the record as it was not introduced at trial. Furthermore, consideration of this statement would have no effect on the Court's ultimate conclusions in this case.

sistent with the caution that the Court must take special care when scrutinizing loan transactions between close family members. As the claim cannot be enforced against Debtor, it must be disallowed in Debtor's Bankruptcy case. Trustee's Final Report disallowing this portion of the Sheskeys' claim should be approved.

### INTEREST

 Trustee does not object to allowance of $41,000 of the Sheskeys' total claim of $89,063. This amount constitutes the face amounts of the promissory notes between Debtor and the Sheskeys. Trustee proposes not to allow any interest on these notes. The notes are as follows: $31,000 dated April 1, 1997 with 12% interest; $5,000 dated May 15, 1997 with 12% interest; $5,000 dated August 15, 1997 with 12% interest.

While the Sheskeys have not identified how they reached the total amount claimed, computation of interest on these notes is possible based on the notes themselves. Trustee has not rebutted the Sheskeys' right to receive prepetition accrued interest on the notes to the date of the bankruptcy filing. *See In re Haugen,* 998 F.2d 1442, 1449 (8th Cir.1993) (directing inclusion of interest on a judgment until date of bankruptcy filing); *In re Olson,* 154 B.R. 276, 282 (Bankr.D.N.D.1993) (finding the definition of "claim" includes the right to prepetition interest).

The Court calculates that the $31,000 note has accrued interest of $8,306.30, the May 1997 $5,000 note has accrued interest of $1,267.50 and the August 1997 $5,000 note has accrued interest of $1,116.16, all to the date of Debtor's bankruptcy filing, June 25, 1999. Thus, the Sheskeys' total claim is $51,986.86. This amount is allowable in Debtor's bankruptcy case. The

remainder of the Sheskeys' claim is not allowable.

**WHEREFORE,** John and Twila Sheskey's total allowed claim is $51,689.86.

**FURTHER,** the remainder of the Sheskeys' claim is disallowed.

**FURTHER,** Trustee shall amend the Final Report accordingly.