_____

No. 95-3173

_____

In re: Walter Steven Brown;          *
Diane Kay Brown,   *
                                     *
               Debtors.              *
                                     *
------------                         *
                                     *
Walter Steven Brown;                 *
Diane Kay Brown,   *
                                     *
               Appellants,           * Appeal from the United States
                                     * District Court for the
        v.                           * Southern District of Iowa
                                     *
Internal Revenue Service,            *
                                     *
                                     *
               Appellee.             *
------------                         *
                                     *
United States of America,            *
                                     *
               Trustee.              *


                      _____

        Submitted: April 10, 1996

           Filed:  May 2, 1996
                      _____

Before McMILLIAN, FAGG and BURNS,* District Judge.
                      _____


McMILLIAN, Circuit Judge.


_____

        *The  Honorable  James  M.  Burns,  United  States
        District Judge for the District of Oregon, sitting
        by designation.

Debtors Walter Steven Brown and Diane Kay Brown appeal from a final order entered in the District Court[1] for the Southern District of Iowa affirming the bankruptcy court's[2] dismissal of their Chapter 12 case pursuant to 11 U.S.C. § 1208(c)(9).  In re Brown, Civil No. 4-93-70804 (S.D. Iowa July 24, 1995), aff'g Bankr. No. 93-00070-C-J (Bankr. S.D. Iowa Feb. 16, 1995).  For reversal, the debtors argue the bankruptcy court erred in (1) holding that certain presumptions were insufficient to rebut the IRS's proof of claim, (2) excluding the debtors' answers to interrogatories, certain documents produced in response to a discovery request and debtor Walter Steven Brown's affidavit, and (3) dismissing their Chapter 12 case.  For the reasons discussed below, we affirm the order of the district court.

The debtors are farmers.  At some point before the events at issue in the present case, they had filed a voluntary petition in bankruptcy under Chapter 12.  One of their major creditors was the Farmers Home Administration (FmHA).  According to the debtors, their Chapter 12 petition precipitated an investigation by the Office of the Inspector General of them and their relatives, including scheduled examinations at distant locations.  The debtors asserted that they voluntarily dismissed their Chapter 12 petition in order to spare their relatives from having to undergo these examinations.  According to the debtors, the Office of the Inspector General continued the investigation and referred the matter to the United States Attorney for presentation to a federal grand jury, which did not indict the debtors.

In January 1993 the debtors filed a second Chapter 12 petition.  This petition is at issue in the present case.  The

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

[2]The Honorable Lee M. Jackwig, United States Bankruptcy Judge for the Southern District of Iowa

debtors had $97,946 in assets but $639,305.07 in liabilities.  Their major creditor was the FmHA.  According to the debtors, the Office of the Inspector General had turned over the information obtained during the course of its investigation to the Internal Revenue Service (IRS).  The IRS investigated the debtors' tax liabilities.  In April 1993 the IRS filed an objection to the confirmation of the debtors' proposed plan.  In May 1993 the IRS filed a proof of claim for $604,251.89 for federal income taxes, interest and penalties (for tax years 1987-1992).  The debtors' proposed plan did not provide for payment of these tax liabilities.

The debtors had filed a federal income tax return only for 1987.  On June 4, 1993, the bankruptcy court ordered the debtors to file their delinquent tax returns within 7 days and to file either an objection to the IRS proof of claim or an adversary proceeding within 3 weeks.

On June 23, 1993, the debtors filed an objection to the IRS proof of claim.  The debtors stated that they had filed their tax returns as ordered and that the tax returns showed that they did not owe any federal income taxes at that time.  The government filed an objection and argued that its proof of claim was entitled to a presumption of validity and that the debtors had "the burden of presenting evidence to rebut the prima facie evidence of the validity and amount of the claim."  The government also filed a motion to dismiss the debtors' case because the debtors reported annual employment income of less than $20,000 in 1991 and 1992 and the IRS and the FmHA had each filed a proof of claim for more than $600,000.  The government argued that the debtors' "financial history did not reflect a farming operation from which a plan of reorganization could feasibly be developed" and that the debtors would probably not change the type of farming they did in order to produce more income.

In September 1993 the government filed a memorandum in support of its objection and attached the declaration of the IRS agent assigned to the debtors' case.  In this declaration the IRS agent stated that he investigated the debtors' income tax liabilities for 1987-1991 for the purpose of preparing the IRS proof of claim.  The IRS agent reviewed the debtors' income tax returns and many of the invoices for goods purchased by various customers of 3-S Farming, 3-S, Inc., and M & B Farms, three Iowa corporations operated by the debtor Walter Steven Brown.  He also analyzed the endorsements on the checks used to pay for the goods purchased by customers of these corporations.  The IRS agent discovered that "large amounts" of money had been paid to these corporations for various agricultural commodities.  He also discovered that these corporations had never filed federal corporate tax returns and that many of the checks used to pay for the commodities sold by these corporations had been endorsed by the debtor Walter Steven Brown.  In addition, the IRS agent discovered that the debtors did not maintain any known bank accounts in their own names and that they attempted to deal in cash as often as possible.  He concluded that income which had nominally been paid to the corporations should be attributed to the debtors personally and that this income had not been reported on the debtors' tax returns.  The IRS agent attached his work sheets to his declaration.

On September 16, 1993, the bankruptcy court held a hearing on the debtors' objection to the IRS proof of claim.  The debtors did not testify or appear in person.  The IRS agent testified at the hearing and explained how he had calculated the debtors' unreported income and that he had obtained the checks, receipts and other documents from the FmHA.  The bankruptcy court refused to allow counsel for the debtors to ask the IRS agent whether he knew how the FmHA had obtained the documents (the debtors alleged the FmHA had obtained the documents in violation of federal privacy laws and the fourth amendment) because the only issue was the validity of the claim.  The IRS agent also testified that articles of

incorporation had been filed for the three corporations but that he did not know who controlled the corporations.  He also testified that two of the corporations, 3-S, Inc., and 3-S Farming, had never filed federal corporate income tax returns and that the third corporation, M & B Farms, had filed tax returns for 1987 and 1990–1992, but that none of the income attributed to the debtors for the years at issue had been reported by M & B Farms.

The debtors' tax preparer testified that she had prepared the debtors' 1987–1992 tax returns on the basis of information provided by the debtors but that she had not seen most of the documents that the IRS agent had used to calculate the debtors' income.  According to the tax preparer, the debtors by 1992 had no farm income other than agriculture programs and had what she described as "negative income."  The tax preparer also testified that she had prepared corporate tax returns for the three corporations in the past on the basis of information provided by the debtors.

The debtors then sought to admit into evidence their answers to interrogatories, certain documents produced in response to a discovery request and an affidavit of the debtor Walter Steven Brown.  The bankruptcy court refused to admit these items because they were hearsay.

The government filed a motion for judgment as a matter of law on the ground that the debtors had failed to carry their burden of proof.  The debtors opposed the motion on the basis of the presumptions in favor of the separateness of the corporations and the validity of their tax returns. The bankruptcy court concluded that the debtors had failed to carry the ultimate burden of proof that the IRS proof of claim was erroneous and dismissed the debtors' case.  On appeal the district court reversed and remanded because the bankruptcy court erroneously placed the ultimate burden of proof on the debtors.  The district court decided that the

debtors only had to present sufficient evidence to rebut the prima facie validity of the IRS proof of claim.

On remand the debtors relied on the existing bankruptcy court record, including the presumption in favor of "corporate separateness." The bankruptcy court placed the ultimate burden of proof (the burden of persuasion) on the IRS, concluded that the debtors had failed to present sufficient evidence to rebut the prima facie validity of the IRS proof of claim, and dismissed the debtors' case. On appeal the district court agreed and affirmed the bankruptcy court order dismissing the debtors' case. This appeal followed.

STANDARD OF REVIEW

We review the bankruptcy court's factual findings under the clearly erroneous standard; however, we review the bankruptcy court's legal conclusions de novo. We also review the determination that a party has failed to satisfy its burden of proof under the clearly erroneous standard. See, e.g., In re Placid Oil Co., 988 F.2d 554, 557 (5th Cir. 1993).

ALLOCATION OF BURDENS OF PERSUASION AND PRODUCTION

The debtors first argue the bankruptcy court erred in holding the presumptions in favor of corporate separateness and the validity of their tax returns were insufficient to rebut the presumed validity of the IRS proof of claim. The debtors also argue that the testimony of IRS agent Widelski attributing nominally corporate income to the debtors personally was not inherently more reliable than their tax returns, which did not report any of the corporate income, and that the IRS had failed to prove that the corporations were alter egos of the debtors. We disagree.

> [In this type of case] the proper allocation of the burdens of [persuasion] and production may be decisive. A proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim. The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence. Once the [debtor] manages the initial burden of producing substantial evidence, however, the ultimate risk of nonpersuasion as to the allowability of the claim resides with the party asserting the claim [here, the government].

In re Hemingway Transport, Inc., 993 F.2d 915, 925 (1st Cir.) (citations omitted), cert. denied, 114 S. Ct. 303 (1993); In re Placid Oil Co., 988 F.2d at 557 (IRS has ultimate burden of proof by preponderance of evidence). The presumption of the validity of the proof of claim is a procedural device that places the burden of producing evidence to rebut the presumption on the debtors. Cf. Portillo v. Commissioner, 932 F.2d 1128, 1133 (5th Cir. 1991) (tax refund action). In the present case the issue is whether the debtors met their burden of producing sufficient evidence as to the attribution of income to rebut the government's prima facie case.

We hold the debtors did not provide enough information to meet their burden of producing sufficient evidence to shift the burden of producing evidence to the IRS. The debtors failed to rebut the claim with "substantial evidence," that is, evidence sufficient to rebut the IRS's prima facie case that the income nominally received by the three corporations should be attributed to the debtors personally. The debtors failed to produce any financial information other than the testimony of their tax preparer, which was very limited and did not address the issue of the attribution of income, and their tax returns, which were not sufficient to prove the true amount of the debtors' income for the years at issue. Cf. Mays v. United States, 763 F.2d 1295, 1297 (11th Cir.) (per curiam) (tax returns insufficient to substantiate taxpayer's

-7-

claim for refund), <u>cert. denied</u>, 474 U.S. 998 (1985). The debtors failed to present any evidence showing that their income was what they claimed it was, that the checks payable to the corporations but endorsed by the debtor Walter Steven Brown were corporate income, or that the corporations were entities wholly separate from the debtors and not their alter egos. The presumptions in favor of corporate separateness and in favor of tax returns prepared in good faith were not equal in probative force to the IRS proof of claim and the declaration and testimony of the IRS agent.

Because this was a claim proceeding (as opposed to an adversary proceeding), the government was entitled to establish its prima facie case on the basis of the IRS proof of claim and was not required to plead specially, give notice or produce evidence that the corporations were the alter egos of the debtors in order to "pierce the corporate veil." The government could have relied only on the proof of claim to force the debtors to come forward with sufficient evidence in rebuttal. However, the government also produced specific and detailed evidence in support of its claim through the declaration and testimony of the IRS agent.

The debtors also argue the bankruptcy court improperly treated the proof of claim as raising a conclusive presumption of validity. We disagree. The bankruptcy court's analysis was inconsistent with a conclusive presumption. The bankruptcy court concluded that the debtors' allegations were not entitled to much, if any, weight because they were not supported by any evidence and for that reason decided that the debtors had failed to rebut the IRS proof of claim.

EXCLUSION OF EVIDENCE

The debtors also argue the bankruptcy court erred in excluding the debtors' answers to interrogatories, certain documents and the debtor's affidavit. We hold the bankruptcy court did not abuse its

discretion in excluding this evidence on hearsay grounds.  The debtors were not present at the hearing (either initially or on remand) and thus were not available to authenticate the documents or for cross-examination.  The debtors' answers to interrogatories were not admissions by a party and thus not hearsay because they were not offered against the debtors.  Rather, the debtors sought to use the answers to interrogatories in their favor.  Fed. R. Evid. 801(d)(2).

The debtors also argue the bankruptcy court erred in refusing to allow counsel for the debtors to ask the IRS agent whether he knew how the FmHA had obtained the documents he used to calculate their unreported income and tax liability.  The debtors argued that the FmHA had obtained these documents illegally.  The bankruptcy court did not abuse its discretion in refusing to allow this line of inquiry because the only issue in this claim proceeding was the validity and amount of the claim.  How the FmHA had obtained the documents in question was irrelevant to that issue or to the sufficiency of the debtors' evidence in rebuttal.

DISMISSAL OF THE DEBTORS' CASE

The debtors also argue the bankruptcy court erred in summarily dismissing their case because Chapter 12 is to be liberally construed in favor of the debtor.  The bankruptcy court did not abuse its discretion in dismissing the debtors' case.  Once the bankruptcy court denied the debtors' objection to the IRS claim, the debtors' proposed 3-year plan did not present a reasonable likelihood of rehabilitation.  11 U.S.C. § 1222(a)(2) (Chapter 12 plan must provide for full payment of all claims entitled to priority).  The debtors' proposed plan and schedules reflected assets of less than $100,000, annual income from employment of less than $20,000 in 1991 and 1992, and liabilities of approximately $640,000, not including the IRS claim in excess of $600,000 and other timely-filed claims.

Accordingly, the order of the district court is affirmed.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.