Howard Aubrey **VOMHOF** and Elaine
Marie Czanstkowski, Appellants,

v.

**UNITED STATES** of America, Appellee.

Civil No. 4–96–768.
Bankruptcy No. 4–95–6410.

United States District Court,
D. Minnesota,
Fourth Division.

Jan. 22, 1997.

Howard Aubrey Vomhof and Elaine Marie
Czanstkowski, Delano, MN, Pro Se.

Nanci Scoblionko Bramson, United States
Department of Justice, Tax Division, Washington, DC, for United States.

Francis C. Ling, MN Atty. General, Tax
Division, St. Paul, MN, for Minnesota Department of Revenue.

MONTGOMERY, District Judge.

### INTRODUCTION

This matter is before the Court on Debtors/Appellants' ("Appellants") appeal of the March 28, 1996 Orders of United States Bankruptcy Judge Robert J. Kressel.[1] Judge Kressel overruled Appellants' objections to the claims of the Internal Revenue Service ("IRS") and the Minnesota Department of Revenue ("MDR"), and dismissed Appellants' Chapter 13 case. For the reasons set forth below, the Court affirms the Orders.

### BACKGROUND

In November 1995, the IRS seized Appellants' property for failure to pay taxes. As a

---

1. This Court did not receive the file for this matter until the fall of 1996.

consequence, on December 1, 1995, Appellants filed a petition in bankruptcy pursuant to Chapter 13. On January 16, 1996, the IRS filed a proof of claim on behalf of the United States in accordance with the Federal Rules of Bankruptcy Procedure 3001 and 3002. On January 24, 1996, the Government objected to Appellants' Chapter 13 plan claiming that: Appellant Vomhof failed to file federal individual income tax returns for 1990 through 1994; Appellant Czanstkowski failed to file federal individual income tax returns for 1989 through 1994; the plan failed to provide for full payment of the IRS's priority claim; the feasibility of the plan could not be determined without the federal individual income tax returns; and the plan failed to provide for full payment of the IRS's secured claim. Similarly, on February 8, 1996, the MDR filed an objection to the plan and a motion to dismiss the case.

On February 15, 1996, Judge Kressel held a hearing on the confirmation of Appellants' debt adjustment plan. Following the hearing, Judge Kressel issued an Order on February 23, 1996, denying Appellants' bankruptcy plan and continued the motion to dismiss until March 21, 1996. The continuance was granted to provide Appellants' time to file state and federal income tax returns for the relevant tax years. The Court ordered Appellants' to file the tax returns by March 11, 1996. The Order further expressed that if Appellants failed to comply with the Order "the Court shall enter an order dismissing this case, without further notice or hearing."

On March 8, 1996, the Appellants filed an objection to the IRS's and the MDR's proofs of claim. Appellants did not file the past individual income tax returns. Accordingly, on March 18, 1996, the MDR filed an affidavit asserting that Appellants were in noncompliance with the Court's Order. As a consequence, on March 27, 1996, Judge Kressel held a hearing on the MDR's motion to dismiss and Appellants' objections to the claims. The Court subsequently issued two Orders on March 28, 1996. Judge Kressel first ordered that Appellants' objections to the claims by the IRS and the MDR were overruled. Judge Kressel determined that the MDR had not filed a claim and thus any objection was premature. Judge Kressel further reasoned that the objection to the claim filed by the IRS was not properly served and that in the alternative, the objection lacked merit. The Court's second Order dismissed Appellants' Chapter 13 case for noncompliance with the February 23, 1996 Order. Appellants appeal from those Orders.

## DISCUSSION

In reviewing an appeal from a United States Bankruptcy Court, a District court reviews the Bankruptcy Court's legal conclusions *de novo*, and its findings of fact under the clearly erroneous standard. *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir.1990). Based upon a *de novo* review of the record, this Court finds no grounds to justify setting aside Judge Kressel's Orders. The Orders are neither clearly erroneous nor contrary to law.

A) *Order Overruling Appellants' Objections to the Claims*

The proof of claim is prima facie evidence of the validity and amount of the claim. *In re Brown*, 82 F.3d 801, 805 (8th Cir.1996) (quoting *In re Hemingway Transport, Inc.*, 993 F.2d 915, 925 (1st Cir.1993)). An objection will deprive a proof of claim of its validity only if the objection is supported by substantial evidence. *Id.* Substantial evidence to support an objection requires financial information and factual arguments, not legal rhetoric. *See e.g. United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir.1993); *Brown*, 82 F.3d at 805.

This Court has reviewed Appellants' objections to the claim of the IRS and finds the objections to be without merit. Appellants offer no financial information to rebut the claim. Rather, Appellants' objections are legal exhortations concerning the taxability of self-employed citizens. This is not "substantial evidence" sufficient to rebut the IRS claim. Judge Kressel properly overruled Appellants' objections to the claim of the IRS.

### B) *Order Dismissing the Case*

Pursuant to Title Eleven, U.S.C. § 1307(c), a Bankruptcy Court may dismiss a bankruptcy case under Chapter 13 for several reasons including, but not limited to, "unreasonable delay by the debtor that is prejudicial to creditors. . . ." § 1307(c)(1).

Appellants were clearly required by Judge Kressel's Order to produce individual income tax forms or suffer the consequence of dismissal. Appellants claim they did not have to file the tax returns ordered by the Court because the IRS did not provide them with the applicable taxing statutes necessary for filing the returns. This argument does not excuse Appellants' failure to provide the tax information. It is clear, without reference to a statute, that at issue is income tax. Further, the extensive memoranda submitted by Appellants throughout this case demonstrate that Appellants have substantial knowledge of various tax issues and statutes. Moreover, Appellants' memoranda suggests that Appellants' failure to file tax information stems not from ignorance, but from conscious objection to the taxing of self-employed individuals. In either event, Appellants did not provide the tax forms ordered by Judge Kressel. Income tax returns are necessarily helpful for determining the feasibility of a proposed plan and Appellants' failure and refusal to provide this information is clearly prejudicial to the IRS. Failure to supply crucial information required by a court order is proper grounds for dismissal under § 1307(c)(1).

### CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

Judge Kressel's Orders of March 28, 1996, are **AFFIRMED**.