In re BRAZELTON CEDAR RAPIDS
GROUP LC, Debtors.

No. 00–02300–C.

United States Bankruptcy Court,
N.D. Iowa.

May 10, 2001.

Thomas H. Burke, Des Moines, IA, An-
drew L. Collier, Jeffer, Mangels, Butler &
Marmaro, LLP, San Francisco, CA, Janet
Hong, Cedar Rapids, IA, Steven J. Pace,
Cedar Rapids, IA, Thomas T. Tarbox, Des
Moines, IA, for creditor.

David Nadler, Cedar Rapids, IA, for
debtor.

## ORDER RE DEBTOR'S RECAST OB-
JECTION TO PROOF OF CLAIM
FILED BY PHOENIX LEASING
INC.

PAUL J. KILBURG, Chief Judge.

On April 26, 2001, this matter came on
for hearing on Debtor's Recast Objection
to Proof of Claim. Debtor Brazelton Ce-
dar Rapids Group, L.C. was represented
by Attorney David Nadler. Attorney
Thomas Tarbox appeared for Creditor
Phoenix Leasing Inc. (Phoenix). Evidence
was presented and arguments were heard
after which the Court took the matter
under advisement. This is a core proceed-
ing pursuant to 28 U.S.C. § 157(b)(2)(B),
(K).

### STATEMENT OF FACTS

Debtor is a hotel in the process of a reorganization under Chapter 11. During the early stages of its operation Debtor entered into a financing agreement with Phoenix whereby Phoenix would provide Debtor with a loan of $249,340.57 for the purchase of furniture and fixtures necessary for the hotel enterprise. The loan did not expressly list a specific interest rate but rather the interest was calculated into the monthly payments Debtor would make under the terms of the loan. In exchange for the loan, Debtor granted Phoenix a second mortgage on the hotel property as well as a lien on all the personal property purchased with the funds which were advanced to Debtor. Phoenix properly perfected its security interests and Debtor began making monthly payments of $6,049.00 on January 1, 1999.

After a number of months Debtor began to experience difficulty in maintaining payments under the agreement. As a result of Debtor's failure to make the full monthly payment due on May 1, 2000, and various subsequent monthly payments, Debtor went into default. Consequently, on June 15, 2000, Phoenix informed Debtor that the amount due under the loan had been accelerated. Phoenix demanded full payment of the balance plus attorney fees, costs, and all other amounts due under the agreement. Demand was also made for the return of the collateral.

Shortly after it sent Debtor notice of default and acceleration, Phoenix informed Debtor that it would be willing to reinstate the agreement only if Debtor immediately paid the outstanding balance as it existed prior to acceleration and resumed making regular monthly payments. Phoenix went on to state that the proposal to cure the default in no way affected the accelerated status of the loan until Debtor agreed to perform as requested. Further, it stated that the proposal was not a waiver of its rights to collect the accelerated amount. De-acceleration was conditioned on Debtor's acceptance of the terms of the proposal. Despite Phoenix's willingness to reinstate the original terms of the agreement, Debtor did not accept the proposal nor did it attempt to make any more monthly payments.

In September, 2000, Debtor voluntarily filed for relief under Chapter 11 which effectively halted Phoenix's efforts to collect the amounts owed to it pursuant to the agreement. Phoenix filed a claim of $293,260.58 which constituted the entire amount of the unpaid accelerated balance of the loan plus certain amounts for attorney's fees and late fees associated with the prepetition debt. Phoenix subsequently reduced the claimed amount to $277,496.29 because it had included accruing postpetition late charges and fees that were improperly added to the balance.

Debtor objects to Phoenix's claim asserting that the claim consists of postpetition interest, attorney fees, and penalties to which it is not entitled. Debtor also disputes the amount of interest Phoenix has charged under the acceleration provision. Further it asserts that Phoenix is not secured by the real estate because a senior secured creditor holds a claim that far exceeds the value of the property. Thus, Debtor contends Phoenix is only partially secured to the extent of the value of the personal property in which it took a security interest.

During the course of the hearing Phoenix agreed to the contention that it is not secured by the real estate due to the undersecured status of the senior mortgage. Phoenix is only partially secured to the extent of the value of the personal property covered in the security agreement. The only remaining issue is whether Phoenix is claiming an amount in excess of what it

may claim pursuant to the Bankruptcy Code.

### CONCLUSIONS OF LAW

■ If a claim filed under 11 U.S.C. § 501 comports with the procedural requirements of Bankruptcy Rule 3001, the proof of claim constitutes prima facie evidence of the validity and amount of such claim. *In re Roberts*, 210 B.R. 325, 328 (Bankr.N.D.Iowa 1997); Fed.R.Bankr.P. 3001(f). Unless a party in interest objects to the claim it is deemed allowed. *See* 11 U.S.C. § 502(a). If an objection to the claim is made, the court, after notice and a hearing, must determine the amount of the claim fixed as of the date of the petition. 11 U.S.C. § 502(b). The presumption provided by Bankruptcy Rule 3001(f) places the burden of producing evidence to rebut the presumption on the objecting party. *In re Brown*, 82 F.3d 801, 805 (8th Cir. 1996); *In re Waterman*, 248 B.R. 567 (8th Cir. BAP 2000). However, once this burden of production is met, the ultimate risk of nonpersuasion as to the allowability of the claim resides with the creditor. *Roberts*, 210 B.R. at 328.

In this case, Phoenix filed a proper proof of claim and attached supporting documents as required by Rule 3001(c) and (d). The existence and amount of Phoenix's claim is presumptively valid. The documents attached to the filed claim set forth the agreement upon which the claim is based. The terms of the contract provide that if Debtor defaults on the loan it is liable for attorney's fees and penalties in connection with the default. Further, the contract contains an acceleration clause which Phoenix could choose to exercise at will.

Debtor relies on 11 U.S.C. § 502(b)(2) and asserts that Phoenix's claim is based in part on unmatured interest and it is therefore not allowable. Phoenix counters by stating that the amount due under the contract had been accelerated several months prior to the filing of the petition in bankruptcy. Therefore, Phoenix asserts the interest included in the claim was not unmatured but rather due and owing at the time Debtor filed its petition. Furthermore, Phoenix states the attorney's fees and penalties included in the claim arose prepetition and are properly allowable under the terms of the contract.

■ The existence of a claim is a question of state law. *Grogan v. Garner*, 498 U.S. 279, 283, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (*citing Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161, 67 S.Ct. 237, 91 L.Ed. 162 (1946)). In Iowa, acceleration of the balance of a loan is governed by Iowa Code sec. 554.1208 which states:

> A term providing that one party ... may accelerate payment ... "at will" or "when the party deems itself insecure" or in words of similar import shall be construed to mean that that party shall have power to do so only if that party in good faith believes that the prospect of payment or performance is impaired. The burden of establishing lack of good faith is on the party against whom the power has been exercised.

Iowa Code § 554.1208.

■ Debtor does not dispute that acceleration took place prior to the filing of the petition. Further, it does not allege that acceleration was in bad faith nor does it allege that Phoenix did not have a contractual right to accelerate upon Debtor's default on the loan. Finally, Debtor has presented no evidence to rebut the claim of Phoenix that the penalties and attorney's fees arose prepetition. This Court finds that Debtor has failed in its burden of production to rebut Phoenix's presump-

tively valid claim. Therefore, Phoenix's claim of $277,496.29 is allowed.

**WHEREFORE**, Debtor has failed to demonstrate that any part of Phoenix's claim was improper.

**FURTHER**, Phoenix's claim for the accelerated balance due under the contract, prepetition attorney's fees, and prepetition penalties totaling $277,496.29 is allowed.

**FURTHER**, Phoenix is partially secured only to the extent of the personal property listed in the security agreement.