# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 01-6009 EM

_____

In re:   Steve McDaniel,                    *
                                            *
         Debtor.                            *
                                            *
_____         *
                                            *
Steve McDaniel,                             *
                                            *        Appeal from the United States
         Debtor-Appellant,                  *        Bankruptcy Court for the
                                            *        Eastern District of Missouri
              v.                            *
                                            *
Riverside County Department of              *
Child Support Services,                     *
                                            *
         Claimant-Appellee.                 *

_____

Submitted: June 5, 2001
Filed: July 11, 2001

_____

Before KRESSEL, WILLIAM A. HILL, and O'BRIEN,[1] Bankruptcy Judges.

_____

WILLIAM A. HILL, Bankruptcy Judge.

Debtor Steve McDaniel appeals from the bankruptcy court's[2] order overruling his objection to the

_____

[1]The Honorable Dennis D. O'Brien, United States Bankruptcy Judge for the District of Minnesota, sitting by designation.

[2]The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

proof of claim filed by Riverside County Department of Child Support Services ("RCDCSS"). We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm the bankruptcy court's order overruling McDaniel's objection.

## BACKGROUND

The debtor, Steve McDaniel, filed a chapter 13 bankruptcy petition on April 24, 1998. On August 14, 1998, McDaniel filed a timely proof of claim on behalf of RCDCSS in the amount of $9,250.00–an estimated figure representing his prepetition child support debt including prepetition interest. On June 16, 2000, RCDCSS filed an untimely proof of claim based on the same prepetition child support debt but in the amount of $11,212.42. RCDCSS's proof of claim included a detailed computation of the amount of the claim reflecting interest accrued on the child support debt only up to the date McDaniel filed his bankruptcy petition. The chapter 13 trustee objected to the proof of claim filed by RCDCSS as untimely. McDaniel filed a response asserting that RCDCSS's proof of claim amended the proof of claim which had been previously filed on August 14, 1998. The trustee subsequently withdrew his objection. However, on September 9, 2000, McDaniel filed his own objection to RCDCSS's proof of claim, seeking to disallow any amount in excess of $9,250.00. A hearing as to McDaniel's objection was conducted on December 21, 2000. On January 24, 2001, the bankruptcy court entered an order overruling McDaniel's objection to RCDCSS's proof of claim.

McDaniel appeals from the bankruptcy court's order of January 24, 2001, asserting that the amount stated in RCDCSS's proof of claim wrongfully included postpetition interest. RCDCSS asserts that its proof of claim did not include postpetition interest and that McDaniel's objection was properly overruled.[3]

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr. P. 8013; Hatcher v. U. S. Trustee (In re Hatcher), 218 B.R. 441, 445 (B.A.P. 8th Cir. 1998) (citations omitted); Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir.

---

[3]Before both the bankruptcy court and this Court on appeal, the parties attempted to litigate the dischargeability of prepetition and postpetition interest arising from a nondischargeable child support debt. However, the claim allowance order giving rise to the instant appeal makes no determination of these issues, and we similarly decline to address them. Such issues may be litigated in the context of an appropriate adversary proceeding.

1997); <u>O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co.)</u>, 118 F.3d 1246, 1250 (8th Cir. 1997).

## DISCUSSION

"A proof of claim which comports with the requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim," and filing an objection "does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." <u>Brown v. IRS (In re Brown)</u>, 82 F.3d 801, 805 (8th Cir. 1996) (citations omitted); <u>see</u> <u>also</u> <u>Gran v. IRS (In re Gran)</u>, 964 F.2d 822, 827 (8th Cir. 1992). Thus, the objecting party bears the burden of producing sufficient evidence to rebut the presumptive validity of a proof of claim. <u>Brown</u>, 82 F.3d at 805.

McDaniel's objection to RCDCSS's proof of claim relates to the amount of the child support debt that was owed at the time McDaniel filed his bankruptcy petition. McDaniel contends that RCDCSS overstated the amount that was due, suggesting that RCDCSS must have included postpetition interest in its June 16, 2000, proof of claim. However, RCDCSS's proof of claim does not appear to have included any postpetition interest in its calculation of the amount of the claim. Moreover, there simply is no evidence in the record before us that RCDCSS overstated the amount of its claim in any manner. Because McDaniel failed to produce substantial evidence to rebut the presumptive validity of RCDCSS's proof of claim, we affirm the bankruptcy court's order overruling McDaniel's objection.

## CONCLUSION

Based on the foregoing, we affirm the bankruptcy court's January 24, 2001, order overruling McDaniel's objection to RCDCSS's proof of claim.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL,
EIGHTH CIRCUIT.

3