# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

———————————————————

No. 17-6024

———————————————————

In re: Scott S. Austin; Anna M. Austin, formerly known as Anna DeFalco

*Debtors*

------------------------------

United States of America, on behalf of the Internal Revenue Service

*Creditor - Appellant*

v.

Scott S. Austin; Anna M. Austin

*Debtors - Appellees*

————————

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

————————

Submitted: February 23, 2018
Filed: April 9, 2018

————————

Before SALADINO, Chief Judge, SHODEEN and SANBERG, Bankruptcy
Judges.

————————

SANBERG, Bankruptcy Judge.

The Appellant, United States of America, appeals the July 24, 2017, order of the Bankruptcy Court sustaining the Debtors' objection to a proof of claim filed by the Internal Revenue Service. We have jurisdiction over this appeal from the final order of the Bankruptcy Court. *See* 28 U.S.C. § 158(b).

For the reasons stated below, we reverse.

## *STANDARD OF REVIEW*

The question of whether substantial evidence was presented in support of the objection as a matter of law sufficient to rebut the Internal Revenue Service's ("IRS") proof of claim is reviewed *de novo*. Fed. R. Bankr. P. 8013; *Halverson v. Estate of Cameron (In re Mathiason)*, 16 F.3d 234, 235 (8th Cir. 1994); *Dove-Nation v. eCast Settlement Corp.* (*In re Dove-Nation*), 318 B.R. 147, 150 (B.A.P. 8th Cir. 2004). We review the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo. Brown v. I.R.S. (In re Brown)*, 82 F.3d 801, 805 (8th Cir. 1996), abrogated on other grounds by *Raleigh v. Ill. Dep't of Revenue,* 503 U.S. 15, 120 S.Ct. 1951 (2000); *Keating v. C.I.R.,* 544 F.3d 900 (8th Cir. 2008), *Blodgett v. C.I.R.*, 394 F.3d 1030, 1035 (8th Cir. 2005)(finding in the context of proving tax loss, which is entitled to a presumption of correctness, that "we review de novo the legal question of whether a taxpayer produced sufficient evidence to shift the burden of proof").

## *BACKGROUND*

The Debtors, Scott S. and Anna M. Austin ("Austins" or "Appellees"), filed a voluntary petition under Chapter 13 of the Bankruptcy Code with the Bankruptcy Court for the Eastern District of Missouri on December 8, 2014. In their schedules, the Austins listed two pending worker's compensation claims as contingent and unliquidated exempt property. These claims were valued at $0.00 or an "unknown value." The Austins listed the IRS as a secured creditor. The IRS filed proof of claim no. 5-1, asserting in part a secured claim as a result of a tax lien.

On January 9, 2015, the Austins filed an objection to claim no. 5-1 ("January Objection"). They objected to the amount of the IRS's priority claim and the amount of the claim listed as secured. They argued that no value should be attributable to their worker's compensation claims in determining the secured portion of the IRS's claim. They also argued, in the alternative, that since there were neither settlement offers nor a basis to determine the value of the worker's compensation claims, the present value of the worker's compensation claims should be $0.

On July 13, 2015, the Bankruptcy Court held a hearing on the January Objection. No evidence was presented at this hearing and the matter was taken under submission.

On September 18, 2015, the Bankruptcy Court overruled the Austins' January Objection and held that the Austins had failed to meet their burden to produce substantial evidence to rebut the IRS's claim. The Bankruptcy Court disagreed with the Austins' assertion that their worker's compensation claims had no value. *In re Austin,* 538 B.R. 543 (Bankr. E.D. Mo. 2015)("Austin 1"). Rather, the Bankruptcy Court held that because the claims were being pursued at the time the petition was filed, they must have had some value. *Id.* at 546. Therefore, the Bankruptcy Court overruled the Austin's objection. *Id.* at 546-547.

In the meantime, on July 28, 2015 (while Austin 1 was under submission), the Austins negotiated a settlement of the worker's compensation claims for $21,448.80. After attorneys' fees, the Austins received a net settlement of $15,661.60.

The IRS learned of the settlement, and on October 13, 2015, filed an amended claim, No. 5-3, which included as part of its secured claim the amount of $15,661.60 for the value of the worker's compensation settlement.

The Austins again objected to the IRS's claim, specifically to the value of the IRS lien against the worker's compensation claims. In support of their objection, on

July 26, 2016, the Austins filed an affidavit of Michael Smallwood[1] ("Smallwood Affidavit"), the Austins' worker's compensation attorney, who opined that the worker's compensation claims had a "nuisance" value of $3,000.00 on the petition date.

In response, the IRS argued that the Smallwood Affidavit was not substantial evidence sufficient to overcome the prima facie validity of the IRS's claim. Further, the IRS argued that the value of the worker's compensation claims should be the amount that the claim settled for, though it was several months after the Austins' petition date.

After hearing oral arguments, on August 22, 2016, without taking evidence or hearing testimony, the Bankruptcy Court took the matter under submission.

On July 24, 2017, the Bankruptcy Court ruled that the Smallwood Affidavit was "substantial evidence" of the value of the worker's compensation claims, sufficient to rebut the prima facie validity of the IRS's claim. The Bankruptcy Court reasoned that the affidavit was from the attorney who litigated the matter himself. Further, the Bankruptcy Court stated that the "IRS has not provided additional evidence to prove why it believes the true value of the claim should be the actual settlement amount." The Bankruptcy Court therefore sustained the Austins' objection and valued the worker's compensation claims at $3,000, and reduced the IRS's secured claim by $12,661.00.

The IRS timely filed this appeal.

*ISSUES ON APPEAL*

On appeal, the IRS argues that the Bankruptcy Court erred in finding that the Austins presented substantial evidence in support of their objection. The IRS argues that the single affidavit of the worker's compensation counsel, the Smallwood Affidavit, filed in support of their objection did not constitute 'substantial evidence'

---

[1] The Smallwood Affidavit was filed on July 26, 2016, and was amended the next day to correct the amount of the settlement. The Smallwood Affidavit addressed here is the corrected affidavit filed on July 27, 2016.

in rebutting the IRS's claim. Rather, the Smallwood Affidavit contains uncorroborated and self-serving hearsay statements and the IRS did not have the opportunity for cross-examination.

The Austins argue in response that the IRS did not preserve for appeal, and therefore waived any argument, on the issue of the sufficiency of evidence of the Smallwood Affidavit. The Austins also argue that the Bankruptcy Code does not prescribe any particular method of valuation, but instead leaves valuation questions to judges on a case-by-case basis. According to the Austins, the Smallwood Affidavit is sufficient proof of the value of the claim because Mr. Smallwood handled the case and is an experienced worker's compensation attorney; he is in the best position to value the claims as of the petition date.

*DISCUSSION*

The IRS's Claim

We first note that there is no dispute about the amount of the IRS's claim or that the federal tax lien is a valid lien against the proceeds of the workers compensation claims. Therefore, we do not address those issues. Rather, the issue is the value of the lien on the worker's compensation claims pursuant to 11 U.S.C. § 506(a)(1).

Section 506(a)(1) states that a claim is a "… secured claim to the extent of the value of such creditor's interest in the estate's interest in such property …." 11 U.S.C. § 506(a)(1). The Austins argue that this amount is $3,000, the value asserted in the Smallwood Affidavit. The IRS disagrees and asserts that the Austins failed to present substantial evidence to overcome the presumptive validity of the IRS claim which valued the amount secured by the worker's compensation claims to be $15,661.60, the amount the Austins received in the settlement, after attorneys' fees were deducted.

Burden of Proof

A creditor of the debtors may file a proof of claim and it is deemed allowed, unless a party in interest objects. 11 U.S.C. § 502(a). A proof of claim that comports with the requirements of Bankruptcy Rule 3001(f) constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f); *In re Dove-Nation*, 318 B.R. at 152; *Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.)*, 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000). The filing of an objection does not deprive the proof of claim of a presumptive validity unless the objection is supported by substantial evidence. *McDaniel v. Riverside Co. Dept. of Child Support & Serv. (In re McDaniel)*, 264 B.R. 531, 533 (B.A.P. 8th Cir. 2001), (citing *In re Brown*, 82 F.3d 801, 805 (8th Cir. 1996)).

Further, as part of its burden of producing substantial evidence to rebut the presumptive validity, the objecting party bears the burden of producing substantial evidence as to the value of the collateral securing any portion of the claim. 11 U.S.C. § 506; *In re Heritage Highgate Inc.* 679 F.3d 132, 140 (3rd. Cir. 2012) (citing *In re Roberts*, 135 B.R. 350, 352 (Bankr. E.D. Ark. 1992). This is because the claim is secured only to the extent of the value of the collateral, pursuant to Section 506. *Wright v. Standard Consumer USA Inc.* (*In re Wright*), 492 F.3d 829, 830 (7th Cir. 2007); *Taffi v. U.S.*, (*In re Taffi*) 96 F.3d 1190, 1192 (9th Cir. 1996).

Here, the Bankruptcy Court determined that the value of the worker's compensation claim was $3,000 based on the Smallwood Affidavit provided by the Austins, and that the Smallwood Affidavit constituted substantial evidence rebutting the presumptive validity of the IRS's claim. The IRS disagreed.

While the Austins argue that the IRS did not preserve the issue of the sufficiency of the evidence for appeal and therefore waived the argument, we disagree. The IRS raised the issue of the sufficiency of the affidavit in its submissions several times at the hearing on August 22, 2016. The attorney for the IRS stated at one point: "I don't believe that the affidavit of Mr. Smallwood in this

matter meets the debtors' burden of substantial evidence." Transcript of Objection to Claim 5 of Department of the Treasury For $171,606.34 by Debtors (54); Response By the Trustee (55); Response by Internal Revenue Service (56) at 4, *In re Austin*, No. 14-49516 (Bankr. E.D. Mo. Sept. 11, 2017) ECF No. 93. Thus, the argument was not waived.

<u>Value of Austins' Worker's Compensation Claims</u>

The Austins argue that they submitted substantial evidence in the form of the Smallwood Affidavit to support their valuation of the secured portion of the worker's compensation claims in rebuttal of the IRS's proof of claim. Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison C. v. NLRB, 305 U.S. 197, 229 (1938): Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires financial information and factual arguments. See *Vomhof v. United States*, 207 B.R. 191, 192 (D. Minn. 1997); *In re Dove-Nation,* 318 B.R. at 152. Here, the Smallwood Affidavit does not contain the financial or factual information necessary to support Mr. Smallwood's opinion of value.

First, the Smallwood Affidavit was Mr. Smallwood's personal opinion of value. He admits in the affidavit that at the time of the filing of the petition he did not know the full extent of Mr. Austin's injuries; Mr. Austin had not had any independent medical exams and needed further treatment and analysis.

Second, Mr. Smallwood opines that by continuing to pursue the workers compensation claims post-petition, his work increased the value of the claims from a "nuisance value" of $3,000.00 to the final settlement amount. There is nothing in the Smallwood Affidavit that shows what Mr. Smallwood did to increase the value of the worker's compensation claims. The claims are for losses due to the injuries Mr. Austin sustained at work. The evidence supporting the losses would be determined by the extent of the injury, worker's compensation schedules, etc. Mr. Smallwood's work had no impact on these factors.

As an analogy, assume a debtor has a damaged car and he wants to file a claim with the auto insurance company but at the time he makes the claim, the full extent of the damage is not known. An agent's work to establish the extent of the damage and pursue the insurance proceeds would have no effect on the value of the damage. Rather, the agent's work made the facts known so that the claim could be resolved. Similarly, here worker's compensation is a type of insurance; Missouri employers are required to either carry the insurance or be self-insured. R. S. Mo. Stat. § 287.280. Mr. Smallwood's work helped establish the extent of Mr. Austin's injuries and helped to recover the benefits from the worker's compensation insurance. Mr. Smallwood's work had no impact on the value of the worker's compensation claims themselves as he did not increase the extent of Mr. Austin's injuries, his efforts simply made the facts known and aided in recovery.

Third, Mr. Smallwood states in the affidavit that at the time of the filing of the petition, no offers in settlement had been made. But he does not state what *demands* had been made on Mr. Austin's behalf nor did he provide any documentation to corroborate his statement that the claim was worth only $3,000.00 on the petition date, despite settling for more than $21,000.00 just seven months later. He did not present copies of the actual workers compensation claims filed, evidence of the Missouri state statutory scheme for valuing such worker's compensation claims, or evidence of past awards for similar claims.

Finally, the IRS had no opportunity to cross examine Mr. Smallwood as there was no evidentiary hearing, no testimony taken, and nothing admitted into evidence.

The Austins had the burden of producing substantial evidence to rebut the IRS' claim. They must have provided evidence that has a reasonable, objective basis for the valuation of a tort claim such as here. This could include such things as lost wages, medical bills or worker's compensation schedules. *See In re Solly*, 392 B.R. 692, 697 (Bankr. S.D. Tex. 2008) (a medical malpractice claim may not be scheduled as unknown, the scheduled value of medical malpractice claims must have

reasonable basis); *In re Cumba*, 505 B.R. 110, 116 (Bankr. D. P.R. 2014) (the best guide for establishing the value of a particular legal claim is to find out the monetary awards that the state courts have awarded to similar legal claims in the past). Allowing a valuation of a tort claim without a reasonable factual basis encourages abuse. Debtors could avoid a secured creditor's interest in tort claims simply by failing to obtain the facts necessary to support those claims. *See In re Solly,* 392 B.R. at 697.

Based on our *de novo* review of the record, the Austins failed to present substantial evidence sufficient to overcome the presumption of the validity and amount of the IRS's proof of claim. Therefore, their objection to claim should have been overruled.

*CONCLUSION*

For the foregoing reasons, we REVERSE.

_____