# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 04-6049 EA

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Phyllis Michele Dove-Nation, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Phyllis Michele Dove-Nation, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor - Appellant, | * | Eastern District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| eCast Settlement Corporation, | * | |
| | * | |
| Claimant - Appellee. | * | |

Submitted: December 1, 2004
Filed: December 17, 2004

Before SCHERMER, FEDERMAN and VENTERS, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtor Phylis Michele Dove-Nation ("Debtor") appeals the bankruptcy court[1] order overruling her objections to claims filed by eCast Settlement Corporation ("Claimant").[2]  We have jurisdiction over the appeal of a final order issued by the bankruptcy court.  *See* 28 U.S.C. § 158(b).  For the reasons set forth below, we affirm the order overruling the Debtor's objections to the claims filed by the Claimant.

## ISSUE

The issue on appeal is whether the bankruptcy court erred when it overruled the Debtor's objections to the claims based on the Claimant's alleged failure to comply with Federal Rule of Bankruptcy Procedure 3001(c).  This issue has recently been raised by debtors' attorneys in various courts with mixed results.[3]  We conclude that the bankruptcy court did not err in overruling the objections.

## BACKGROUND

The Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code ("Bankruptcy Code") on October 22, 2003.  In her schedules, the Debtor listed a nonpriority unsecured credit card debt to Exxon/ Mobil in the

---

[1]The Honorable James G. Mixon, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

[2]Technically, the Debtor did not appeal the order overruling her objections to claims.  Rather, she appealed a later order denying her motion to alter or amend the order overruling her objections to the claims.  This issue is discussed later in the opinion.

[3]For cases involving similar claims filed by the Claimant, see, e.g., *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004), and *In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004), overruling objections to the Claimant's claims, and *In re Henry*, 311 B.R. 813 (Bankr. W.D. Wash. 2004), striking the Claimant's claim while granting the Claimant thirty days to file an amended claim.

amount of $1,256.00 and a nonpriority unsecured credit card debt to Providian Financial in the amount of $2,024.00. The Debtor did not list either of these obligations as contingent, unliquidated, or disputed.

On January 19, 2004, the Claimant filed a nonpriority unsecured claim in the amount of $1,278.10 as assignee of General Electric/Exxon Mobil ("Claim Number 8") and a nonpriority unsecured claim in the amount of $2,008.65 as assignee of Providian National Bank ("Claim Number 9"). Each claim was signed by an attorney/agent for the Claimant and each included a single-page attachment entitled "Accounting Summary" which listed the Debtor's name, address, and last four digits of her social security number; the bankruptcy case number, filing date, and chapter; the last four digits of the account number and the account type which was listed as credit card for each; the balance at filing date; and a paragraph explaining that the account information was derived from the account database of the assignor and other sources including the bankruptcy court and that the assignor has verified that the balance recorded thereon is the outstanding balance of the account as of the close of business on the business day immediately preceding the bankruptcy filing date. In addition, paragraph 8 of each claim stated as follows:

> 8. SUPPORTING DOCUMENTS: Itemized monthly statements of account were mailed to the debtor pre-petition; claimant maintains copies of said statements on microfilm or image processing and reproduction of same absent a dispute as to the balance would be unduly time consuming and burdensome; nevertheless, where an interested party so requests, claimant will search its records to provide copies of said month accounts (*sic*) statements. To request further documentation please call Becket & Lee LLP at 1-800-###-#### and ask to speak to the Claims Servicing Supervisor. Claim may include contractual interest and/or late charges.

On March 23, 2004, the Debtor filed an objection to each claim, asserting the following grounds with respect to each claim: (1) the documentation does not comply with Federal Rules of Bankruptcy Procedure 3001 or 3002 nor with the instructions on the Proof of Claim Form B10; (2) the Claimant did not attach the original or duplicate of the writing with the proof of claim nor allege that it was lost or destroyed; and (3) the Claimant failed to file as an exhibit all the documents which support the claim.

On April 2, 2004, the Debtor amended her Schedule F to list the obligations to Exxon/Mobil and to Providian Financial as disputed. In response to the claim objections, the Claimant filed amended claims. Claim Number 8 was amended by Claim Number 11 which included documentation evidencing the Claimant's purchase of the claim from GE. Claim Number 9 was amended by Claim Number 12 which included documentation evidencing the Claimant's purchase of the claim from Providian and the Debtor's monthly account statements for September, October, and November, 2003.

The bankruptcy court conducted a hearing on the Debtor's objections to the claims on May 28, 2004. In support of its claim objections, the Debtor called an attorney for the Chapter 13 Trustee who testified about a blank proof of claim form, the instructions for the proof of claim form, and the committee notes to the proof of claim form. The attorney also testified that the Chapter 13 Trustee's office reviewed the claims and found no reason to object to them. The Debtor presented no other evidence. The court overruled the objections to the claims. The court entered its order overruling the objections on June 9, 2004 ("June Order"). On June 16, 2004, the Debtor filed a motion to alter or amend the June Order. The court denied the motion to alter or amend by order dated August 13, 2004 ("August Order"). The Debtor filed her notice of appeal of the August Order on August 19, 2004.

By appealing the August Order, the Debtor has technically only appealed the issue of whether the court abused its discretion in denying the motion to alter or amend. The Debtor should have filed a notice of appeal of the June Order. She could have accomplished this by mentioning the June Order in the notice of appeal. The notice of appeal was timely as to the June Order because the motion to alter or amend the June Order extended the deadline to appeal the June Order. Fed. R. Bankr. P. 8002(b). Despite her failure to mention the June Order in the notice of appeal, the Debtor's brief on appeal addresses the merits of the June Order and not the August Order. The Claimant's brief likewise addresses the June Order and does not address the infirmity of the notice of appeal as it relates to the June Order. Consequently, we shall address the merits of the June Order in this opinion. However, we caution counsel to be more careful in drafting notices of appeal in the future.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr. P. 8013; *Halverson v. Estate of Cameron (In re Mathiason)*, 16 F.3d 234, 235 (8th Cir. 1994); *On-Line Services Ltd, L.L.C. v. Bradley & Riley, PC (In re Internet Navigator, Inc.)*, 301 B.R. 1, 2 (B.A.P. 8th Cir. 2003); *White v. Coors Distrib. Co. (In re White)*, 260 B.R. 870, 874 (B.A.P. 8th Cir. 2001); *Kimmons v. Innovative Software Designs, Inc. (In re Innovative Software Designs, Inc.)*, 253 B.R. 40, 44 (B.A.P. 8th Cir. 2000); *Cnsumers Realty & Dev. Co., Inc. v. Goetze (In re Consumers Realty & Dev. Co., Inc.)*, 238 B.R. 418, 422 (B.A.P. 8th Cir. 1999). In the instant case the facts are not in dispute. The sole issue on appeal is a legal issue which we review *de novo*.

## DISCUSSION

In the bankruptcy context, a claim is any right to payment. 11 U.S.C. § 101(5). A creditor includes any entity which has a claim against the debtor that arose at or

prior to the entry of the order for relief under the Bankruptcy Code. 11 U.S.C. §101(10)(A). A creditor may file with the bankruptcy court a proof of its claim against a debtor. 11 U.S.C. § 501(a). In the event the creditor does not timely file a proof of claim, the debtor or another entity who is also liable on that claim may file a proof of the claim. 11 U.S.C. § 501(b) and (c). A claim, proof of which is filed pursuant to Section 501 of the Bankruptcy Code, is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection to a claim is filed, the court shall determine the amount of such claim as of the date of the bankruptcy petition and shall allow such claim in such amount except to the extent that any of nine enumerated exceptions apply. 11 U.S.C. § 502(b)(1)-(9). Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. In the instant case, the Debtor concedes that none of the exceptions applies. Therefore, the claim is allowed.

The Debtor, however, asserts that the clear and unambiguous language of the Bankruptcy Code is modified by the Federal Rules of Bankruptcy Procedure which, according to the Debtor, provide the Debtor with additional grounds to object to a claim. According to the applicable rules, a proof of claim is a written statement setting forth a creditor's claim. Fed. R. Bankr. P. 3001(a). A proof of claim shall conform substantially to the appropriate official form. *Id.* When a claim is based on a writing, the original or a duplicate shall be filed with the proof of claim. Fed. R. Bankr. P. 3001(c). If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. *Id.* A proof of claim executed and filed in accordance with the rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

An unsecured creditor must file a proof of claim for the claim to be allowed in a Chapter 13 case unless the debtor, the trustee, or another entity that may also be liable to the creditor files a proof of claim with respect to the claim. Fed. R. Bankr. P. 3002(a). In a Chapter 7, 12, or 13 case, a proof of claim is timely if it is filed no

later than 90 days after the first date set for the meeting of creditors under Section 341(a) of the Bankruptcy Code. Fed. R. Bankr. P. 3002(c). Several exceptions to this deadline exist, none of which is applicable in the present case. Fed. R. Bankr. P. 3002(c)(1)-(5).

The Debtor argues that a claim may be disallowed for failure to attach the original or duplicate writing upon which the claim is based as required by Fed. R. Bankr. P. 3001(c) and the directions contained in paragraph 8 of the Official Proof of Claim Form. Paragraph 8 of the Official Proof of Claim Form states as follows:

> 8. **Supporting Documents:** *Attach copies of supporting documents*, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

The Debtor's argument attempts to place form over substance and elevate the status of rules to override the clear language of the Bankruptcy Code. The rules are designed to supplement the statute, not replace it. 28 U.S.C. § 2075.[4]

Furthermore, the rules and instructions upon which the Debtor relies acknowledge some variance from the Debtor's stringent reading of select language. For example, Rule 3001(a) acknowledges that a proof of claim need only conform substantially to the appropriate official form. It need not conform exactly. Rule 3001(c), which requires the attachment of the writing, excuses such attachment if the writing has been lost or destroyed. Likewise, the instructions on the official form instruct the

---

[4]"The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under [the Bankruptcy Code]. Such rules shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.

7

claimant to explain if the documents are not available and to attach a summary if the documents are voluminous.

In the instant case, the Claimant complied substantially with the rules and the instruction on the proof of claim form. The Claimant identified the claims almost to the exact dollar amounts listed by the Debtor in her schedules, attached summaries of the claims, provided explanations why additional documentation was not attached, and provided instructions to request additional documentation if desired. The claims complied with the spirit of the applicable rules and as such constituted prima facie evidence of the validity and amount of the claims. Fed. R. Bankr. P. 3001(f). However, even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless the Debtor establishes an exception under Section 502(b). 11 U.S.C. § 502(a) and (b).

A proof of claim is allowed unless someone objects to it. If the proof of claim conforms with the rules it constitutes prima facie evidence of the claim. The burden of proof then shifts to the objector to establish that the claim fits within one of the exceptions set forth in Section 502(b) of the Bankruptcy Code. 11 U.S.C. § 502(b)(1)-(9); *Innovative Software Designs, Inc.*, 253 B.R. at 44; *Consumers Realty & Dev. Co, Inc.*, 238 B.R. at 422-23. Even if the proofs of claim are not entitled to prima facie validity, they are some evidence of the Claimant's claims. *Cluff*, 313 B.R. at 340. Here, the Debtor never presented any evidence to contradict the claims, much less any evidence that the claims fall within one of the exceptions set forth in Section 502(b); therefore, the claims' validity stands.

Had the Debtor presented any evidence supporting an objection to the claim, the ultimate burden of persuasion would have shifted to the Claimant to establish its entitlement to the claims. At that point, the Debtor's original schedules, signed under oath, admitting liability on the Exxon/Mobil credit card in the amount of $1,256.00 and liability on the Providian Financial credit card in the amount of $2,024.00, would have been additional evidence supporting the claims, with the Claimant bearing the burden of explaining the differences between the amounts scheduled by the Debtor and the amounts listed by the Claimant.[5] Had the Debtor presented the amended

---

[5] With respect to the Exxon/Mobil account, the amount sought by the Claimant exceeded the amount scheduled by the Debtor by $22.10. With respect to the Providian Financial account, the amount sought by the Claimant was $15.35

schedules which did not change the amounts of the debts but listed them as disputed, the Court would have evaluated the credibility of the Debtor in light of the inconsistent statements, taking into account the timing of the amendment.

The Debtor argues by analogy that claims may be objected to as tardy even though such a basis is not enumerated in Section 502(b) of the Bankruptcy Code. Ergo, according to the Debtor, the rules supplement the grounds for disallowance of a claim set forth in Section 502(b). The Debtor's argument is misguided. It is true that the rules rather than the statute establish whether a claim is timely or tardy. Fed. R. Bankr P. 3002(c). However, the concept of tardiness is recognized in the Code. 11 U.S.C. § 726(a)(2)(C) and (3). Furthermore, tardiness does not affect the allowance of the claim; rather, it affects the treatment to which the allowed claim is entitled. For example, Section 726 specifies when tardily filed claims shall receive distributions in a Chapter 7 case. 11 U.S.C. § 726(a)(2)(C) and (3). Such language has implications in a Chapter 13 case because the plan must provide creditors with at least as much as they would receive in a hypothetical liquidation under Chapter 7. 11 U.S.C. § 1325(a)(4).

The Debtor's argument flies in the face of the rule of construction which requires us to apply the plain meaning of any unambiguous statutory language. *Lamie v. U. S. Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 1030 (2004); *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241-42, 109 S.Ct. 1026, 1030 (1989). The Bankruptcy Code could not be more clear: a claim, proof of which is filed, shall be allowed unless it falls within one of the exceptions set forth in Section 502(b). The Claimant filed proofs of claims and the Debtor failed to allege much less present any evidence that the claims fell within one of the exceptions. Consequently, the claims were properly allowed.

## CONCLUSION

Section 502 of the Bankruptcy Code governs the allowance and disallowance of claims filed against bankruptcy estates. Neither procedural rules nor instructional language on official forms overrides clear statutory language. Therefore, the court

---

less than the amount scheduled by the Debtor.

properly overruled the Debtor's objections to claims based solely on grounds not recognized by Section 502 of the Code. Accordingly, we AFFIRM the bankruptcy court order overruling the Debtor's objections to the Claimant's claims.

———————————————