*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0017n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re:   RONALD JOSEPH PERRON and MARY ANN PERRON, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| RONALD JOSEPH PERRON and MARY ANN PERRON, | ) | No. 05-8075 |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| eCAST SETTLEMENT CORP., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan, at Marquette.
No. 03-90592.

Argued: August 23, 2006

Decided and Filed: October 13, 2006

Before: AUG, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellants.  Alane A. Becket, BECKET & LEE, Malvern, Pennsylvania, for Appellee. **ON BRIEF:**  Allan J. Rittenhouse, Iron Mountain, Michigan, for Appellants.  James W. Batchelor, TROTT & TROTT, Grand Rapids, Michigan, for Appellee.

---

## OPINION

---

J. VINCENT AUG, JR., Chief Bankruptcy Appellate Panel Judge. The chapter 7 debtors, Ronald Joseph and Mary Ann Perron (the "Debtors"), appeal the order of the bankruptcy court that overruled their objections to the amended proofs of claims filed by eCAST Settlement Corporation ("eCAST"), as assignee of two credit card creditors. For the reasons that follow, the order of the bankruptcy court is AFFIRMED.

### I.   ISSUE ON APPEAL

Whether a debtor's claim objection is sufficient to disallow a proof of claim where the objection (i) does not actually contest the debtor's liability or the amount of the debt and (ii) is based solely on the argument that the proof of claim is technically insufficient because the creditor attached only a summary of the basis for the claim and failed to attach supporting documentation.

### II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to hear and decide this appeal. 28 U.S.C. § 158(b)(1). The United States District Court for the Western District of Michigan has authorized appeals to the BAP, and no one has objected to transfer of this appeal to the BAP. A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation omitted). The bankruptcy court's order overruling the Debtors' objections to eCAST's claims is a final order. *Morton v. Morton (In re Morton)*, 298 B.R. 301, 303 (B.A.P. 6th Cir. 2003).

The facts are not in dispute. Since the issue on appeal is whether the bankruptcy court committed an error of law, the order is reviewed *de novo. E.g., Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 696 n.1 (6th Cir. 1999). "'De novo means that the appellate court determines the law independently of the trial court's determination.'" *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001) (citations omitted).

## III. FACTS

The Debtors filed their petitions for relief under chapter 7 of the U. S. Bankruptcy Code on June 10, 2003.  On Schedule F, *Creditors Holding Unsecured Nonpriority Claims*, they listed twenty-one credit card debts, none of which were marked as contingent, unliquidated, or disputed. The list included:

1) MBNA America - account number ending 9633, in the amount of $5,745.23, with the notation "Platinum Plus card first used 1/00.  Possibly consolidated into MBNA card number [ending] 7545."

2) MBNA America - account number ending 4726, in the amount of $13,290.01, with the notation "MBNA Quauntum used 4/95.  Possibly consolidated into card number [ending] 7545."

3)  MBNA America - no account number given, in the amount of $26,000, with the notation "This is a consolidation of all MBNAs."

4) Providian - account number ending 1788, in the amount of $356.00, with the notation "Used since 8/97."

On June 23, 2004, eCAST, as assignee of Providian, filed an amendment to its proof of claim number 4, amended claim number 6, claiming a debt in the amount of $554.98 on a credit card account with the number ending 1788.  Mr. Perron and his Social Security number were listed on the proof of claim which was a modified version of Official Form 10.  Paragraph 4 of the proof of claim, titled "TOTAL AMOUNT OF CLAIM AT TIME CASE FILED," included the language, "Check this box if claim includes interests or other charges in addition to the principal amount of the claim.  Attach itemized statement of all interest or additional charges." (Joint Appendix ("J.A.") at 292.)  That box was not checked.  Paragraph 8 of the modified form, titled "SUPPORTING DOCUMENTS," stated:

> Itemized monthly statements of account were mailed to the debtor pre-petition; claimant maintains copies of said statements on microfilm or image processing and reproduction of same absent a dispute as to the balance would be unduly time consuming and burdensome; nevertheless, where an interested party so requests, claimant will search its records to provide copies of said month [sic] accounts [sic] statements.  To request further documentation please call Becket & Lee LLP at 1-

800-562-6030 and ask to speak to the Claims Servicing Supervisor. Claims may include contractual interest and/or late charges.

(J.A. at 292.) Attached to amended claim number 6 was a document titled "Accounting Summary" showing the names of both debtors, a "Beginning Balance At Purchase" of $554.98, with no interest added and no payments made, and showing a "Current Balance as of 6/10/03" of $554.98, and the statement "The above account information was derived from the information contained in the eCAST Settlement Corporation account database, which includes information provided by the previous owner of the account, Providian National Bank, and other sources, including the Bankruptcy Court." (J.A. at 293.)

Also on June 23, 2004, eCAST, as assignee of MBNA America, filed an amendment to its proof of claim number 5, amended claim number 7, claiming a debt in the amount of $26,908.04, on a credit card account with the number ending 7545. Mr. Perron and his Social Security number were listed on the form proof of claim which was a modified version of Official Form 10. Paragraph 4 of the proof of claim, titled "TOTAL AMOUNT OF CLAIM AT TIME CASE FILED," included the language, "Check this box if claim includes interests or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges." (J.A. at 294.) That box was not checked. Paragraph 8 of the modified form, titled "SUPPORTING DOCUMENTS," contained the same language quoted above with respect to amended claim number 6. (J.A. at 294.)

Attached to amended claim number 7 was a document titled "Accounting Summary" showing the names of both debtors, a "Beginning Balance At Purchase" of $26,908.04, with no interest added and no payments made to the amount claimed, and the statement "The above account information was derived from the information contained in the eCAST Settlement Corporation account database, which includes information provided by the previous owner of the account, MBNA America, and other sources, including the Bankruptcy Court." (J.A. at 295.)

On July 14, 2004, the Debtors filed objections to the amended proofs of claim on the basis, in essence, that they were technically insufficient because only account summaries were provided.

The Debtors requested that the claims be disallowed.[1]  On August 13, 2004, eCAST filed its response to the objections by including documentation in support of its summaries, that is, copies of monthly statements and accompanying applications for each card.

Providian statements, with due dates for the period from August 14, 2002, to July 15, 2003, show inclusion of late payment charges ($29 then $35), overlimit fees ($29), and finance charges (at 23.99%).  Statements beginning with the due date of January 14, 2003, include the language "YOUR PAYMENT IS LATE AND YOUR BALANCE IS OVER ITS CREDIT LIMIT!"  The Providian credit card application is by Mr. Perron only.

MBNA America statements, with due dates for the period from June 31, 2002, to June 1, 2003, show inclusion of late fees ($35), overlimit fees ($35), and finance charges (up to 21.99%). Statements beginning with the due date of January 1, 2003, include the language "OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE AND YOUR BALANCE EXCEEDS APPROVED CREDIT LIMITS."  The MBNA America credit card application is by Mr. Perron only.

A hearing was conducted on September 10, 2004, and on October 7, 2004, the court entered its Memorandum Opinion overruling the Debtors' objection and holding that eCAST had provided sufficient documentation of its claims prior to the hearing so that they constituted prima facie evidence of the validity and amount of the claims; that in listing the debts on their Schedules as undisputed, the debtors had admitted they had possessed the credit cards and had incurred the debts; and that since the Debtors had produced no contrary evidence, in fact no evidence at all, as to the validity and amount of the claims, the claims were allowed.

---

[1]The objection requested that the Trustee strike the claims, that eCAST be prevented from modifying or amending its claims and that eCAST be required to pay attorney fees to Debtors' attorney in the amount of $500 "for the filing of an improper pleading in this case." (J.A. at 83.)

## IV.  DISCUSSION

Two other bankruptcy appellate panels have ruled on similar facts: *Dove-Nation v. eCast Settlement Corporation (In re Dove-Nation)*, 318 B.R. 147 (B.A.P. 8th Cir. 2004), and *Heath v. American Express Travel Related Company (In re Heath)*, 331 B.R. 424 (B.A.P. 9th Cir. 2005).[2]

In *Dove-Nation*, the chapter 13 debtor objected to eCAST's proof of claim for credit card debts on the basis that the creditor had not provided documentation to support the claims, as required by Fed. R. Bankr. P. Rules 3001 and 3002 and instructions to the proof of claim form.  The debtor had scheduled the debts, for almost the same amounts as claimed by eCAST and without indicating they were contingent, unliquidated, or disputed, but later amended her Schedule F to list the obligations as disputed.

After a hearing, the bankruptcy court entered an order overruling the debtor's objections and an appeal followed.  In affirming the bankruptcy court, the Eighth Circuit Bankruptcy Appellate Panel determined:

> The claims complied with the spirit of the applicable rules and as such constituted prima facie evidence of the validity and amount of the claims.  Fed. R. Bankr. P. 3001(f).  However, even if the claims had not substantially complied with Rule 3001, the claims are still allowed claims under Section 502 of the Bankruptcy Code unless

---

[2]For cases in the Sixth Circuit which address the issue of supporting documentation by credit card claimants, *see In re Hughes*, 313 B.R. 205 (Bankr. E.D. Mich. 2004) ("In the context of a claim filed by an assignee of a credit card creditor, the assignee must provide the contractual basis of its right to payment, and specific information on the Debtor's account (i.e. account number, social security number, and account balance)."); *In re Kemmer*, 315 B.R. 706 (Bankr. E.D. Tenn. 2004) (holding that where chapter 13 debtors objected to proofs of claim on basis of insufficient documentation, and where debtors had scheduled credit card debts, although summary attachments were insufficient pursuant to Fed. R. Bankr. P. 3001(c) to accord presumption of validity, claimant established validity and debtors had not met burden of proof of challenging validity and legal sufficiency of debts owed); and *In re Burkett*, 329 B.R. 820 (Bankr. S. D. Ohio 2005) (concluding that exclusive grounds for disallowance of claim is statutory, 11 U.S.C. § 502, which does not include insufficiency of documentation and that court must determine validity, ownership, and amount of claim on case-by-case basis).  eCAST was one of the claimants in *Hughes* and *Kemmer*. In *Hughes*, one of the proofs of claim filed had identical language regarding supporting documents as the proofs of claim filed by eCAST here.  *Kemmer* declined to follow *Hughes*, in holding that a proof of claim based on a credit card account requires attachment of both the underlying agreement and the actual transactions.

the Debtor establishes an exception under Section 502(b).  11 U.S.C. § 502(a) and (b).

*In re Dove-Nation*, 318 B.R. at 152.  In reaching its determination, the court stated that the Bankruptcy Code, not procedural rules or official forms, governs the allowance and disallowance of claims.

In *Heath*, the chapter 7 debtors also scheduled several credit card debts without designating them as contingent, unliquidated, or disputed.  Several holders of the claims filed proofs of claim, all in slightly higher amounts than were listed by the debtors on their Schedule F.  Specifically not relying on the debtors having scheduled the debts, the Ninth Circuit Bankruptcy Appellate Panel held:

> When a creditor files a proof of claim, that claim is deemed allowed under Sections 501 and 502(a).  A proof of claim that lacks the documentation required by Rule 3001(c) does not qualify for the evidentiary benefit of Rule 3001(f)–it is not prima facie evidence of the validity and amount of the claim–but that by itself is not a basis to disallow the claim.  Section 502(b) sets forth the exclusive grounds for disallowance of claims, and Debtors have introduced no evidence or arguments to establish any of those grounds.

*Heath*, 331 B.R. at 426; *see also Millman v. Capital One Bank (In re Campbell)*, 336 B.R. 430 (B.A.P. 9th Cir. 2005) (on facts indistinguishable from *Heath*, the court reiterated that the Bankruptcy Rules cannot expand 11 U.S.C. § 502).  "Compliance is certainly important.  However, the mere failure to comply with rules concerning the form and content of a proof of claim is not justification under the Bankruptcy Code to judicially invalidate a creditor's otherwise lawful claim." *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich. 2005).

The Bankruptcy Code establishes substantive rights.  The Bankruptcy Rules do not "abridge, enlarge, or modify any substantive rights."  28 U.S.C. § 2075.  They merely supplement the Code, in part providing evidentiary guidance.  Official Forms, and the instructions to them, offer guidance for asserting substantive rights.  Pursuant to 11 U.S.C. § 502(a), a claim is deemed allowed unless an objection to the claim is filed.  11 U.S.C. § 502(b) offers exceptions to the rule of allowance.  That the proof of claim filed is technically insufficient is not one of the exceptions.

Fed. R. Bankr. P. 3001(a) provides, "A proof of claim shall conform substantially to the appropriate Official Form." That is Official Form 10, or Form B10. Subsection (f) of the rule states, "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim."

The Official Form 10 available when eCAST filed its proofs of claims in June of 2004 was last amended in December of 2003. Paragraph 4 of the form, *Total Amount of Claim at Time Case Filed*, includes the same language as on the modified form used by eCAST, that is, "Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges." Paragraph 9 of the form, *Supporting Documents*, includes the statements, "If the documents are not available, explain. If the documents are voluminous, attach a summary." The penalty for presenting a fraudulent claim is a fine of up to $500,000, imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571. Instructions for completing the form are provided.

Although eCAST did not state on its filed, modified official form proofs of claim that interest and additional charges were included in the total amounts claimed, prior to the hearing eCAST provided documentation in support of its summaries, specifically, monthly statements showing the inclusion of interest and additional charges. Nevertheless, even if, pursuant to Federal Rule of Bankruptcy Procedure 3001(a), eCAST did not "conform substantially" with the rule, pursuant to subsection (f) of the rule, it merely did not have the benefit of "prima facie evidence of the validity and amount" of the claims. The record indicates that eCAST substantiated both the validity and the amounts of the claims at the hearing, which evidence the Debtors did not counter. They argued only that the claims as filed were technically insufficient.

Furthermore, the Debtors admitted in their Schedule F, an unsworn declaration under penalty of perjury, that they owe $26,000 to MBNA and $356.00 to Providian. Fed. R. Evid. 801(d)(2). MBNA's claim is for $26,908.04, or a difference of $908.04 from what is admitted by the Debtors. Providian's claim is for $554.98, or a difference of $198.98 from what is admitted by the Debtors. Consequently, the total amount in dispute is $1,107.02.

The Debtors assert that they are not both liable on the credit card debts. However, this determination is not relevant as to the validity or amount of the debts owed. The Debtors filed their

bankruptcy jointly and did not indicate on their Schedules whether the debts belonged to them individually or jointly. This issue need not be addressed further.

In addition, although both parties refer to the Debtors' motion to sever and their concern for real property once occupied by Mrs. Perron's mother, the Debtors' motivation in filing their objections to eCAST's proofs of claim is not relevant. Therefore, this issue also need not be addressed further.

In accordance with 11 U.S.C. § 502(b), the bankruptcy court appropriately determined, from the proof presented at the hearing on September 10, 2004, the amount of the claims made by eCAST as $26,908.04 for the MBNA claim and $554.98 for the Providian claim and allowed the claims in those amounts, thus overruling the Debtors' objections. In this case, the bankruptcy court ruled correctly.

## V. CONCLUSION

For the forgoing reasons, the order of the bankruptcy court is AFFIRMED.